26128. CITIZENS BANK OF HAPEVILLE v. ALEXANDER-SMITH ACADEMY, INC.

Submitted October 14, 1970—Decided November 5, 1970.

*Leonard M. Steinberg,* for appellant.

*Dunaway, Shelfer, Haas & Newberry, Bruce Weddell,* for appellee.

Mobley, Presiding Justice. Appellee, Alexander-Smith Academy, Inc., brought a complaint in equity against appellant, Citizens Bank of Hapeville, and Homer A. Spruill, Marshal of the Civil Court of Fulton County, to set aside a judgment rendered against it in a garnishment proceeding. The trial court sustained appellee's motion for summary judgment, quashed the "attempted service of summons of garnishment on plaintiff," and declared the judgment entered null and void.

The appeal is from that judgment, and enumerated as error is the grant of the judgment.

The material facts are: Citizens obtained a judgment against

Hugh D. Thompson, Jr., an employee of appellee. Citizens brought garnishment proceedings against appellee, which were served by Homer A. Spruill, through his deputy, Higginbotham, by handing the summons of garnishment to Marion Brown, a receptionist-typist in appellee's office. Thompson, who happened to be in the office at the time, took the papers and disposed of them, and the officers of the company knew nothing about the garnishment. Thereafter judgment by default was taken against appellee.

The issue is whether service of garnishment proceedings was properly made upon appellee, Alexander-Smith Academy, Inc., by handing the summons to Marion Brown, an employee of the corporation.

Code § 46-106 provides: "Service of a summons of garnishment upon the agent in charge of the office or business of the corporation in the county or district at the time of service shall be sufficient." The sole question is whether Marion Brown was the agent in charge of the office or business of the corporation when served. We are of the opinion that the uncontradicted evidence shows that she was not a person upon whom service could be perfected.

By affidavit, Ralph G. Page swore that he was chief executive officer of appellee and was agent in charge of the office and business of the corporation and was present throughout the day of the attempted service, and that he was never apprised of the existence of the garnishment prior to the default judgment taken thereon.

Paul R. Smith, president and director of appellee, swore that Marion Brown was a receptionist-typist and had no authority to accept service of the garnishment papers or processes of any nature, and that only Ralph G. Page, chief executive officer, was designated to accept processes concerning garnishment, and on the date of service he was the agent in charge of the office and place of business.

Marion Brown, by affidavit, swore that she is only a receptionist-typist, has been employed to perform in no other capacity, and has never been instructed to accept service of process. She

denied the statement in the answer of Homer A. Spruill that at the time Higginbotham handed her the summons of garnishment, she told him she was the proper person with whom to leave it.

A careful review of the pleadings and affidavits reveals that the statement of Spruill is the only evidence that could possibly make an issue of fact, and it does not do so for the reason that it is hearsay—what Higginbotham, who served the summons, told him that Marion Brown said. Being hearsay, it has no probative value and, furthermore, it was not made on personal knowledge as required by *Code Ann.* § 81A-156 (e) (Ga. L. 1966, pp. 609, 660). There was no evidence to contradict the sworn statements of Page, Smith, and Marion Brown that she was not the agent in charge of appellee's office, and that she did not tell Higginbotham that she was.

The trial court properly held that the attempted service of summons of garnishment was not properly perfected on appellee according to *Code* § 46-106, and that there was no showing made, by affidavit or otherwise, that there existed a genuine issue of material fact for trial; and properly granted appellee's motion for summary judgment, quashed the attempted service of garnishment, and declared the judgment entered against appellee null, void, and of no effect.

*Judgment affirmed. All the Justices concur.*