29167. CLEVELAND LUMBER COMPANY v. DELTA EQUITIES, INC.

INGRAM, Justice.

This appeal is from a summary judgment granted in Fulton Superior Court vacating an earlier default judgment in a garnishment case in the Civil Court of Fulton County because of improper service on the garnishee-corporation.

The essential question presented is whether a corporation may designate a person other than the principal agent in charge of the corporation's business or office to receive service of a summons of garnishment for the corporation.

Code § 46-106 provides: "Service of a summons of garnishment upon the agent in charge of the office or business of the corporation in the county or district at the time of service shall be sufficient." The trial court strictly construed this provision of the Code to decide that, since service of the garnishment summons was not served upon the agent in charge of the corporation, the service was invalid.

The trial court found, in its order granting summary judgment in favor of the corporate garnishee, that the marshal who served the summons "was directed by the President of Delta Equities (the corporate garnishee) to serve all process upon the person acting as the receptionist of the office," but also found that the receptionist was not in charge of the office. The trial

court then determined that the service was invalid because a corporation may not authorize a person other than the principal agent in charge to receive service of garnishment summons.

The appellee filed no brief in this case but apparently relies here, as it did in the trial court, on *Citizens Bank of Hapeville v. Alexander-Smith Academy,* 226 Ga. 871 (178 SE2d 178). That case held that service of garnishment summons upon a corporation was not perfected by leaving a copy of the summons with a receptionist-typist of the corporation who was not the agent in charge of the corporate office at the time of the service. On its face, the ruling there would appear to be controlling here. However, the facts of that case distinguish it from the present case, and require a different result.

In *Citizens Bank,* summary judgment was properly granted in favor of the corporate garnishee as there was no evidence to contradict the sworn statements of two corporate officers and the receptionist "that she was not the agent in charge of [the] office" and "had no authority to accept service" as only the chief executive officer was designated to do so.

In the present case, the trial court found there was evidence that the Marshal of the Civil Court of Fulton County had been directed by the president of the corporation "to serve all process upon the person acting as the receptionist of the office." "If in the present case the agent of the corporation upon whom the service of the summons of garnishment was made was in charge of the office, though the president was in charge of the business of the corporation generally in the county, the service . . . was sufficient." *Mosely v. First Nat. Bank of McDonough,* 160 Ga. 394, 397 (128 SE 192).

The designation of an agent in charge of the corporation's office for service under this statute is done by the corporation and is for its benefit, not for the benefit of the marshal or the plaintiff in garnishment. If the principal officer, i.e., the agent in charge of the business of the corporation, is authorized to designate another employee because the corporation prefers that its principal officer not receive service, we see no reason why

another employee cannot be designated as the "agent in charge of the office" of the corporation for the purpose of receiving such service.

The evidence considered by the trial court on the motion for summary judgment makes an issue as to whether the employee served with the garnishment summons in this case was properly designated by the corporation as the agent in charge of its office to receive such service or not. Therefore, we conclude that it was error to grant the motion for summary judgment in this case.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1974 — DECIDED OCTOBER 1, 1974.

*Fierman & Merren, Joel M. Merren,* for appellant.