### 52264. COUSBY v. J. T. BICKERS REALTY COMPANY.

STOLZ, Judge.

This appeal is from a bench-trial verdict in favor of defendant J. T. Bickers Realty Co. because of improper service on the defendant corporation. At the time, Bickers had no agent for service registered in this state. However, the defendant's place of business was located in Fulton County, and Mr. Bickers, the president of the corporation, worked at that office. The sheriff, finding no registered agent, left the summons with a Mrs. Williams. The trial court found that Mrs. Williams, although not a titled agent or officer of the company, was the most senior employee, that her duties were those of an office manager and as such included signing checks, typing dispossessory warrants, answering garnishments, and assisting in training new employees. Additionally, the court found that Mrs. Williams regularly accepted service of process for J. T. Bickers Realty Co. as standard office procedure.

The trial judge, after finding these facts, concluded

that service had to be made upon an officer, secretary, cashier, managing or other agent of the corporation, and that Mrs. Williams was not such an agent. Further, since there was such an agent in the county, viz. Mr. Bickers, service could not be effected by leaving the summons with Mrs. Williams at the office of J. T. Bickers Realty Co. *Held:*

The trial court's finding that the standard office practice was for Mrs. Williams or any other employee sitting at the front desk to accept a summons and put it aside for Mr. Bickers, was tantamount to finding that Mr. Bickers, the president of the corporation, had designated the person sitting at the front desk as his agent for service of process. See *Cleveland Lumber Co. v. Delta Equities,* 232 Ga. 883 (209 SE2d 212). Thus, the corporation cannot escape liability by asserting that service according to a procedure set up by its president for his benefit is ineffective when service directly on the president would be otherwise sufficient. It was error for the trial court to enter a judgment in favor of J. T. Bickers Realty Co., vacating a prior default judgment for the appellant. Accordingly, this judgment is reversed with direction that the original default judgment be reinstated upon entry of the remittitur in this case.

*Judgment reversed with direction. Bell, C. J., and Clark, J., concur.*

ARGUED JUNE 7, 1976 — DECIDED JULY 8, 1976.

*Robert E. Stagg,* for appellant.
*W. M. Mathews, Jr.,* for appellee.