### 52981. THONI OIL COMPANY v. TINSLEY.

SMITH, Judge.

On May 20, 1974, the Superior Court of Clayton County entered a default judgment in favor of the appellee R. W. Tinsley and against Thoni Oil Company. Thoni Oil Magic Benzol Gas Stations, Inc. (hereinafter, "Thoni"), a Georgia corporation with its corporate offices in Fulton County, then moved on June 5, 1974 to have the superior court set aside the judgment, set aside the default, quash service of process, and dismiss the action. The motion was overruled and Thoni appealed, claiming the court had no personal jurisdiction over the defendant and, even if it did, it did not have venue. The default judgment arose out of a personal injury claim based upon an accident in which an employee of Thoni allegedly drove a company tractor trailer truck into the rear of the plaintiff's pickup truck on Interstate 75 in Fulton County. The only service of process made was when a copy of the complaint and summons was left with a "Mr. William E. Fults, Mgr." at a Clayton County service station operated by the defendant under the name Thoni Oil Company. The plaintiff's complaint named as a co-defendant Thoni's

driver, Larry Lee Pope, who was alleged to be a resident of Clayton County but who was never served and against whom no judgment was entered. *Held:*

1. Section 4 (d) (1) of the Civil Practice Act (Ga. L. 1966, pp. 609, 611; Code Ann. § 81A-104) provides that service of process upon a domestic corporation may be made by delivery of a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof," or, when service cannot be made in such manner, alternative provisions allow substitute service upon the Secretary of State. Moreover, under Code § 22-403 service may be made upon the corporation's registered agent, or if the corporation has not maintained a registered agent and registered office as required by law, upon the Secretary of State. The return of service in this case showed delivery in Clayton County to William E. Fults who was further designated as "Mgr." However, it is clear from the uncontradicted affidavits of the president and a managing agent of Thoni that Fults has never had any relationship with Thoni other than that of a casual salaried laborer with neither discretionary power nor managing authority. He was hired as a service station attendant and worked solely in that capacity. Clearly, he was not an agent, in the sense contemplated by the statutes, capable of receiving service of process on behalf of the corporation. See *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635 (182 SE2d 153). The delivery to Fults, the only attempted service of process, falls short of the requirements of the statute, so the court never gained personal jurisdiction over the appellant. "Where there has been no legal service on the defendant and no waiver of service, the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction." *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625 (2) (193 SE2d 852).

Appellee contends that if Thoni had complied with Code Ann. § 106-301 (Ga. L. 1929, p. 233; 1937, p. 804; 1943, p. 398), which requires trade name registration, by registering the name "Thoni Oil Company" in Fulton County, then "Appellee could have determined the true corporate name and could have perfected service in the

manner prescribed by law." The requirements of the trade name registration laws do not alter the fact that the appellant's name, remarkably similar to the trade name and somewhat unusual, was on file in the office of the Secretary of State and the name, as well as the name and address of the registered agent, could have been discovered there. The appellant's failure to register its trade name in no way cures the appellee's failure to conform to the provisions of the law with respect to service of process.

Because the service of process was insufficient, the court never gained personal jurisdiction over the defendant; accordingly, any judgment rendered against it is "a mere nullity." Code § 110-709; *Holloway v. Frey,* 130 Ga. App. 224 (202 SE2d 845). The superior court therefore should have granted appellant's motion.

2. Even if the service upon Fults had constituted valid service upon Thoni, the Clayton County court was not the proper venue. The Georgia Constitution requires that civil cases shall be tried in the county of the defendant's residence. Art. VI, Sec. XIV, Par. VI (Code Ann. § 2-4906); *Lansky v. Goldstein,* 136 Ga. App. 607 (222 SE2d 62). But it is well settled that the court maintains venue only if judgment is rendered against the resident defendant. *Steding &c. Corp. v. Cunningham & Assoc.,* 137 Ga. App. 165 (223 SE2d 217). The appellee could not rely on the alleged Clayton County residence of co-defendant Pope since Pope was not served and brought before the court and, of course, no judgment was ever rendered against him. Neither may the appellee rely on Thoni's residence. A domestic corporation is deemed to reside in the county where its registered office is maintained (Code § 22-404 (b)); appellant's registered office is in Fulton County. Furthermore, a domestic corporation may be deemed to reside, for venue purposes in a tort action, in the county where the cause of action originated (Code § 22-5301), but by appellee's own account of the accident it happened in Fulton County. Thus, not only was the service of process insufficient, the venue requirements of the Georgia Constitution were not met.

*Judgment reversed. Deen, P. J., and Webb, J.,*

*concur.*

ARGUED OCTOBER 5, 1976 — DECIDED JANUARY 5, 1977.

*Michael J. Gorby, Kidd, Pickens & Tate, F. Carter Tate,* for appellant.
*O'Brien, Smith & Reily, Eugene O'Brien, J. W. Claxton,* for appellee.