## 57232. ADAIR REALTY COMPANY v. GREENBRIAR-FULTON, INC.

SHULMAN, Judge.

On January 28, 1975, default judgment was entered in favor of Adair Realty Company and against

Greenbriar-Fulton, Inc. ("G-F") in an action brought by Adair Realty to recover on a promissory note executed by G-F. On January 10, 1978, a motion to set aside the default judgment for lack of personal service was filed. After considering depositions, affidavits and arguments, the trial court sustained appellee-G-F's contention that the default judgment was void for lack of personal jurisdiction and entered an order setting aside the default judgment. On appeal, we affirm.

In four related enumerations of error, appellant asserts that the court erred in holding that the person served with process at appellee's registered office was not an agent of appellee for purposes of receiving services of process.

The evidence showed that service was had on a secretary-receptionist who sat at the front desk of a common area of the floor where G-F's registered office was located. Other corporations also used the secretary-receptionist's services. The secretary was instructed by a predecessor to receive items addressed to or intended for any of the businesses at the premises or persons connected therewith. This secretary-receptionist was not employed by G-F, and was not an officer, director, secretary, cashier, managing agent or registered agent of G-F. Although the president of G-F (who was also G-F's registered agent) was aware that the secretary accepted items addressed to or intended for G-F, the president had never expressly authorized the secretary to accept service of process for G-F. The secretary conceded that no express authorization had been given. The secretary had no recollection of ever accepting service of process on behalf of G-F or its registered agent on any occasion prior to the service involved in this case.

The evidence in this case authorized the trial judge to find that service on an officer or agent of the corporation was not perfected. See, e.g., *Cleveland Lumber Co. v. Delta Equities, Inc.*, 232 Ga. 883 (209 SE2d 212), where the question of whether a receptionist had been designated as an agent for acceptance of service of process was held to be an issue for the trior of fact. Compare *Scott v. Atlanta Dairies Cooperative*, 239 Ga. 721 (2) (238 SE2d 340), holding that a trial court was authorized to find that

service on an agent constituted valid service on the corporation where the agent's position afforded reasonable assurance that the agent would inform the corporate principal that process had been served. The evidence also authorized a finding that attempted service on the corporation did not comport with any existing method of service. As the evidence showed that service was not perfected, the trial court properly sustained the motion to set aside the default judgment for want of personal jurisdiction. *Thoni Oil Co. v. Tinsley,* 140 Ga. App. 887 (1) (232 SE2d 162); *Citizens Bank of Hapeville v. Alexander-Smith Academy,* 226 Ga. 871 (178 SE2d 178). As to the meaning of "agent" as used in statutes relating to service, see *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635 (182 SE2d 153); *Orkin Exterminating Co. v. Thornton,* 111 Ga. App. 636 (142 SE2d 422).

We note that this court's holding in *Cousby v. J. T. Bickers Realty Co.,* 139 Ga. App. 250 (228 SE2d 214), upon which appellant places great reliance, does not require a contrary result. In this case, unlike the situation in *Cousby,* there was no finding by the trial court that the secretary regularly accepted service of process for the corporation as standard office procedure.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

Argued February 13, 1979 — Decided April 19, 1979.

*Jones, Bird & Howell, Joseph W. Crooks, Arthur Howell, III,* for appellant.

*Trotter, Bondurant, Griffin, Miller & Hishon, M. Jerome Elmore,* for appellee.