## 59507. HEADRICK v. FORDHAM.

BIRDSONG, Judge.
Garnishment — Service of Process. Allen and Brenda Headrick went through a contested divorce. Brenda Headrick was granted a $20,000 lump sum alimony and a car. Allen Headrick was granted the house. Brenda did not move out of the house until a month after the date of the final decree, and when she did, she took all the furnishings. Allen estimated that the fair market value of the furnishings was about $7,490 and that the fair rental for the month was about $500. Allen failed to pay the full $20,000 alimony but withheld $7,990 as a set off. Following a contempt hearing, Allen was directed to remit the $7,990 to Brenda and if he wished to pursue the furniture he could file a civil suit for trover. Allen's attorney obtained a cashier's check for the $7,990. The attorney, Mr. Avrett, then took out a garnishment against Brenda's attorney, J. T. Fordham, the garnishee in the case. After obtaining telephonic assurance of the process server that process had been served on the garnishee, Allen's attorney (Mr. Avrett) telephoned Fordham and again verified that the process had reached Fordham's office. Avrett then informed Fordham that Allen Headrick's check for the delinquent alimony was being mailed. The check arrived in Fordham's office the next day or the day after.

As a matter of fact, the process was not served personally upon

attorney Fordham, but was left at Fordham's office with Fordham's secretary. Fordham denied proper service and upon demand by Mrs. Headrick, Fordham paid over to her the $7,990. There is presently pending between the Headricks the separate trover suit.

Because he contends that he was never properly served, Fordham did not file an answer to the garnishment. However, within time, Fordham filed a special appearance and a motion to dismiss the garnishment. It is uncontested that Fordham was not in the office at the time that the process was served and that Fordham was not served personally. At the hearing on the motion to dismiss, the trial court considered the motion to dismiss as a motion for summary judgment. The court held that there was no personal service, there was no waiver of such service nor was Fordham estopped to deny personal service. Accordingly, the trial court granted summary judgment to Fordham. It is that grant that forms the basis of this appeal. *Held:*

1. The parties are in agreement that *personal* service was required upon the garnishee. The primary bone of contention between the parties is whether the service upon Fordham's secretary was service upon an agent so as to constitute personal service. It is shown without dispute that the secretary had never formally been designated as an agent to receive service either for the firm of which Fordham was a member nor to receive service for Fordham. Further, it was undisputed that Fordham had never been served personally as a *party* in his office so that no established procedure existed for such service.

Likewise, there can be no question that what was attempted was personal service upon Fordham. The return of the server reflects personal service, for the return shows that service was accomplished by service on Fordham. However, the server testified that he did not see Fordham but left the process with Fordham's secretary because Fordham was not present. Service upon an agent is personal service. *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635, 637 (2) (182 SE2d 153).

Our question thus resolves itself into whether service upon Fordham's secretary was upon his agent so as to render the service legally sufficient. This court previously has considered the agency question. "At times and in some contexts we have tended to equate servant with agent, but the relationships are very different. At common law, and in all of the jurisdictions of this country (except in instances where changed by statute) the difference in concept is fundamental and substantial. Generally the servant performs work or labor for the master, sometimes skilled and sometimes not, while the agent, within the ambit of his authority, represents his

principal in some business dealing. He is vested with authority, real or ostensible, to create obligations on behalf of his principal, bringing third parties into contractual relations with him. Perhaps it is oversimplification, but it has been generally said that agency relates to business transactions, while the work of a servant relates to manual service. The agent may, at times serve both as servant and agent, doing labor and exercising a given authority, but the servant rarely does." *Southern Fidelity Ins. Co. v. Heard,* supra, p. 639. An agent thus is some person authorized to act for another arising when, expressly or impliedly, there has been a delegation with more or less discretionary power to act, to manage an affair, and to render an account. Service of process on merely an apparent agent is not sufficient. It must be made on an actual agent. *Burkhalter v. Ford Motor Co.,* 29 Ga. App. 592, 603 (116 SE 333). In this case, Avrett did not present any evidence that Fordham's personal secretary performed anything more than ministerial duties as opposed to managerial duties. Fordham denied designating his secretary as his agent for purposes of service. She was described as a secretary and nothing more. There is no showing that she was an officer of the firm, that she occupied a managerial position over other personnel in the office, or that she had been identified as the registered agent of the firm. Under the circumstances, the trial court was warranted in concluding that the secretary was not the agent for Fordham. *Adair Realty Co. v. Greenbriar-Fulton, Inc.,* 149 Ga. App. 669, 670 (255 SE2d 128).

2. Nor are we restrained in the conclusion that personal service was not accomplished by any considerations of estoppel. The code provides personal service of summons must be made upon the defendant personally, or by leaving copies thereof at his dwelling-house or usual place of abode. CPA § 4 (d)(7); Code Ann. § 81A-104 (d)(7) (Ga. L. 1966, pp. 609, 610, as amended). The provisions of personal service have been strictly construed because notice is the very bedrock of due process. *Thompson v. Lagerquist,* 232 Ga. 75, 76 (205 SE2d 267). Even if Fordham had knowledge of the attempted service of the summons of garnishment, the sine qua non is service of process in the manner provided by law. Thus, the service remained insufficient notwithstanding the fact that Fordham had acquired knowledge of the garnishment. *Heard v. Hopper,* 233 Ga. 617, 618 (212 SE2d 797); *Glass v. Byrom,* 146 Ga. App. 1, 2 (245 SE2d 345); *Morgan v. Pacific Finance Co.,* 142 Ga. App. 342 (236 SE2d 28). The fact that Fordham acknowledged that the sheriff had left process at his firm's office did not admit that service had been effectively served upon him personally. As indicated above, Fordham denied personal service. In these

circumstances, estoppel does not apply.

3. The trial court also concluded that alimony is not an asset that is subject to garnishment. There is support for such a legal conclusion. *Joel Bailey Davis, Inc. v. Poole,* 194 Ga. 824 (22 SE2d 795). However, this question need not be answered. There being no proper service, the court had no jurisdiction over Fordham and properly dismissed the summons of garnishment against him as garnishee.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED FEBRUARY 7, 1980 — DECIDED APRIL 28, 1980.

*John T. Avrett,* for appellant
*J. T. Fordham, Joel P. Neal, III,* for appellee.