## 65252. SOUTHWEST COMMUNITY HOSPITAL AND MEDICAL CENTER, INC. v. THOMPSON.

McMurray, Presiding Judge.

This is a medical malpractice case filed against three defendants. The plaintiff's action against two of the defendants was dismissed. The remaining defendant with which we are concerned on this appeal is Southwest Community Hospital and Medical Center, Inc., which failed to answer plaintiff's complaint and was determined to be in default. Following plaintiff's presentation of evidence as to the amount of damages before the trial court, default judgment was entered in favor of plaintiff and against defendant in the sum of $80,000, with interest thereon and all cost of this action.

The defendant subsequently filed its motion to set aside the judgment and motion to open default. The defendant appeals from the denial of those motions. *Held:*

1. The defendant contends that the default judgment was entered in violation of Code Ann. § 81A-154 (c) (2) (Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049) (now OCGA § 9-11-54 (c) (3), effective November 1, 1982) which provides: ". . . where a claim in an action for medical malpractice . . . exceeds $10,000, a judgment by default may be rendered for the amount determined upon a trial of the issue of damages, *provided notice of such trial is served upon the defaulting party at least three days prior to that trial.*" (Emphasis supplied.)

Plaintiff relies upon Code Ann. § 81A-105 (a) (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229) (now OCGA § 9-11-5 (a), effective November 1, 1982), wherein it is provided that the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notice of time and place of trial.

"Where two sections of the Code are found to be in irreconcilable conflict, and both sections are derived from acts of the legislature, this conflict must be settled by resort to the original acts from which the conflicting sections are derived, and that section which is derived from the later act of the legislature must control." *Atlanta Finance Co. v. Brown,* 187 Ga. 729, 731 (2 SE2d 415). See also *Bd. of Trustees of Policemen's Pension Fund v. Christy,* 246 Ga. 553, 555 (1) (272 SE2d 288). Applying this rule of construction in the case sub judice, Code Ann. § 81A-154 (c) (2), supra, must prevail.

The provision of Code Ann. § 81A-154 (c) (2), supra, requiring that the notice of trial be served upon the defaulting party is not satisfied by publication of notice of trial in the official county organ. See Code Ann. § 81A-105 (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229) (now OCGA § 9-11-5, effective November 1, 1982). The record contains no indication that plaintiff served upon the defendant

notice of trial at least three days prior to trial in compliance with Code Ann. § 81A-154 (c) (2), supra.

The notice of trial, which must be served, should appear in the "record" of the trial court. Code Ann. § 81A-105 (d) (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229) (now OCGA § 9-11-5, effective November 1, 1982). It has been held that the absence of the name of an attorney on the trial calendar appears on the "face of the record." See *Brown v. C & S Nat. Bank,* 245 Ga. 515, 517 (265 SE2d 791). This non-amendable defect appearing on the face of the record, the trial court erred in refusing to grant defendant's motion to set aside predicated upon Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) (now OCGA § 9-11-60, effective November 1, 1982). *Anderson v. Fulton Nat. Bank,* 146 Ga. App. 155 (245 SE2d 860); *Shelton v. Rodgers,* 160 Ga. App. 910 (288 SE2d 619).

2. Defendant's motion to open default, made after entry of final judgment, was properly denied. The provisions of Code Ann. § 81A-155 (b) (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238; 1981, p. 769, effective April 7, 1981) (now OCGA § 9-11-55 (b), effective November 1, 1982) regarding the opening of default became inapplicable upon entry of a final judgment. *John M. Murray, Jr. Constr. Co. v. Tuxedo Plumbing & Heating Co.,* 149 Ga. App. 101, 102 (253 SE2d 465).

3. Due to its default, defendant is in a position of having admitted each and every material allegation of the plaintiff's complaint except as to the amount of damages suffered by plaintiff. *Peek v. Southern Guaranty Ins. Co.,* 240 Ga. 498, 499 (1) (241 SE2d 210); *Flanders v. Hill Aircraft &c. Corp.,* 137 Ga. App. 286, 287 (223 SE2d 482). The element of proximate cause, as well as negligence, having been alleged in plaintiff's complaint is admitted due to the default of defendant and requires no further proof. Thus, whether plaintiff is an expert competent to testify as to proximate cause in a medical malpractice case is irrelevant.

4. Defendant contends that the trial court lacked jurisdiction over it due to improper service of process. In a suit against a corporation incorporated or domesticated under the laws of this state, Code Ann. § 81A-104 (d) (1) (Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 227, 228, 249; 1968, p. 1036; 1968, pp. 1104, 1105; 1969, p. 487; 1972, pp. 689-692; 1980, pp. 1124, 1125) (now OCGA § 9-11-4 (d) (1), effective November 1, 1982) requires that personal service be made by delivering copies of the summons and complaint to "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof." In the case sub judice, service was made upon the personal secretary of the administrator of the defendant hospital. Defendant, relying upon such cases as *Headrick v. Fordham,* 154 Ga. App. 415, 417 (268 SE2d 753); and *Southeastern*

*Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635, 638 (3) (182 SE2d 153), argues that the delivery to a "mere secretary" did not satisfy the statutory mandate.

However, the trial court was authorized by the evidence to find that the secretary "was often called upon by her superior, the Administrator of the Corporation, to accept service in his absence. She regularly accepted service on the corporation and was knowledgeable of the procedures to be used when service did occur." See *Scott v. Atlanta Dairies Co-op.,* 239 Ga. 721, 723-724 (2) (238 SE2d 340); *Cousby v. J. T. Bickers Realty Co.,* 139 Ga. App. 250 (228 SE2d 214). In the case sub judice, the secretary accepted service from the deputy sheriff, delivered the papers to her superior, the administrator, and upon his direction mailed the papers to the corporation's insurer. The trial court's finding of fact that the secretary in question regularly accepted service of process being, under the above decisions, tantamount to a finding that the secretary was a designated agent for service of process, we hold that the trial court correctly concluded that service upon the secretary was sufficient service upon the defendant corporation. *Headrick v. Fordham,* 154 Ga. App. 415, 417, supra, quite similar factually, may be distinguished by the absence in that case of any finding by the trial court that the secretary regularly accepted service of process for the garnishee or his firm as standard office procedure. See in this regard *Adair Realty Co. v. Greenbriar - Fulton, Inc.,* 149 Ga. App. 669, 671 (255 SE2d 128). See also, *Scott v. Atlanta Dairies Co-op.,* 239 Ga. 721, 724, supra.

*Judgment affirmed in part and reversed in part. Banke and Birdsong, JJ., concur.*

DECIDED FEBRUARY 15, 1983.

*Walter B. McClelland, Bruce H. Beerman,* for appellant. *Gary Flack,* for appellee.