## 67125. NORTHWESTERN NATIONAL INSURANCE COMPANY v. KENNESAW TRANSPORTATION, INC.

QUILLIAN, Presiding Judge.

Kennesaw Transportation, plaintiff below, had insurance coverage for loss of goods and merchandise with Northwestern National Insurance Company, and insurance covering employee dishonesty with Bituminous Insurance Company. On November 5, 1981, Kennesaw suffered a loss of goods and merchandise through employee dishonesty. Both insurance companies refused to pay the claim. Kennesaw brought this action against both insurers to recover the loss.

Northwestern's registered agent for service was Kyle Leonard. The return of service on Northwestern shows it was made "by leaving a copy of the within action and summons with Dorothy Jackson, in charge of the office and place of doing business of said Corporation. . . ." The action went into default by Northwestern and plaintiff took judgment for the amounts demanded. Northwestern filed a Motion to Set Aside the Default Judgment contending that Dorothy Jackson was not a proper person for service of process, and the judgment was void. Northwestern submitted two affidavits with its motion. The affidavit of Kyle Leonard stated that he was the manager for the local Northwestern office and the registered agent for service and that Dorothy Jackson was an employee of Northwestern, but was neither an officer, stockholder, director, or agent, and was not a proper person to receive service. She was not in charge of the office, but "was an employee whose job description entailed the duties and activities of a clerk in the mail department . . ." Dorothy Jackson's affidavit repeated the same matter.

Kennesaw introduced the affidavits of two Fulton County Deputy Sheriffs who made the service upon Jackson. They stated that they went to the office of Northwestern and asked for Kyle Leonard "to serve papers on him and was told by Dorothy Jackson that he was not available for service, but that she would accept service and she led [them] to believe that she was authorized to accept service thereof. From [their] experience it is the customary practice of said Defendant to designate an employee to accept service on behalf of the designated agent Kyle Leonard. We only make service on the designated agent unless we are led to believe it is the Defendant's customary practice to serve another employee. [They were] not told on July 20, 1982, by Dorothy Jackson that she did not have authority to accept service of process and in fact was led to believe just the opposite that she did have such authority. It appeared to [them] on July 20, 1982, that Dorothy Jackson was in charge of the

office and place of doing business of said Northwestern National Insurance Company."

The Motion to Set Aside Judgment was filed January 4, 1983. The affidavits of Leonard and Jackson were filed with the motion. The opposing affidavits of the two Deputy Sheriffs were filed February 21, 1983. Two counter-affidavits were filed by Northwestern on March 7, 1983. Kennesaw's Motion to Expunge the latter affidavits was granted as they were filed after the hearing on the motion. Northwestern's motion to open default was denied and they bring this appeal. *Held:*

The record does not indicate whether Northwestern is a domestic or a foreign corporation. Our Civil Practice Act provides that service may be perfected upon a domestic corporation by delivering a copy of the summons, attached to a copy of the complaint, to an officer of the corporation, secretary, cashier, managing or other agent (OCGA § 9-11-4 (d) (1) (Code Ann. § 81A-104)); and, if the entity is a foreign corporation, by service upon a managing or other agent, cashier, secretary, or agent designated for service of process (OCGA § 9-11-4 (d) (2) (Code Ann. § 81A-104)). It has been uniformly held that for service of process upon a corporation to be valid it must be made upon one of the types of individuals listed in the statute, and not upon a mere employee. *Radcliffe v. Boyd Motor Lines,* 129 Ga. App. 725, 727 (201 SE2d 4). The Supreme Court held, in *Citizens Bank of Hapeville v. Alexander-Smith Academy,* 226 Ga. 871 (178 SE2d 178), that a typist-receptionist who was not an agent in charge of the office or business of a corporation for which she works was not a person on whom personal service of the corporation could be perfected. Similarly, in *Headrick v. Fordham,* 154 Ga. App. 415 (1) (268 SE2d 753), this Court found that service upon the personal secretary of the person attempted to be served was invalid.

The testimony of the two officers who made the service tended to show they went to the office of Kyle Leonard "and *was told by Dorothy Jackson* that he was not available for service . . ." (Emphasis supplied). Jackson is also reported as saying "she would accept service" and led the officers to believe "she was authorized to accept service . . ." The officers were also acquainted with "the customary practice" of the defendant "to designate an employee to accept service on behalf of the designated agent . . ."

This factual conflict posed by the affidavits as to whether Jackson had been appointed to accept service was an issue of fact to be resolved by the trial judge. *Adair Realty Co. v. Greenbriar-Fulton, Inc.,* 149 Ga. App. 669, 670 (255 SE2d 128); *Cleveland Lumber Co. v. Delta Equities,* 232 Ga. 883, 885 (209 SE2d 212).

The evidence authorized the judge to find that Jackson was

more than a "mere employee," as she was the person who spoke to the process servers and was aware that Leonard was not available for service, further, the court could have found from the officers' affidavits that Jackson led the officers to believe she was in charge of the office and was authorized to accept service for Northwestern. Accordingly, the findings of the trial court are not clearly erroneous and are supported by the evidence. We find the enumeration to be without merit. *Cousby v. J. T. Bickers Realty,* 139 Ga. App. 250 (228 SE2d 214); *Adams v. Upjohn Co.,* 142 Ga. App. 264, 265-266 (235 SE2d 584); *Cleveland Lumber Co. v. Delta Equities,* 232 Ga. 883, 884-885, supra.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 1, 1983.

*Raymon H. Cox,* for appellant.
*Russell L. Adkins, Jr.,* for appellee.