68504. OGLES v. GLOBE OIL COMPANY, U. S. A.

BANKE, Presiding Judge.

This is a suit by the appellant to recover damages from the appellee, Globe Oil Company, for malicious prosecution. The appeal is from the grant of the appellee's motion to dismiss the complaint for insufficiency of services of process.

The suit was filed in Forsyth County, where the alleged tortious conduct took place; and service was effected upon Steve Payton in his capacity as manager of a retail outlet the company operated in Forsyth County. At issue in this appeal is whether Mr. Payton was authorized to accept service for the corporation.

According to an affidavit submitted by the company's vice-president, Payton was a casual salaried employee with no supervisory duties or responsibilities, who worked as a mere service station attendant. However, Payton executed an affidavit in which he averred that he was employed as station manager of Globe Oil's location in Forsyth County, with total responsibility for the operation of the store, including supervision of other store employees, control of inventory, depositing receipts, and submitting daily reports to the home office. The parties later stipulated that Mr. Payton was in fact the store manager and that his duties included making daily reports to his corporate supervisors. The trial court nevertheless concluded that Payton was not a proper agent upon whom to perfect service, based on evidence that he had no authority to incur debt or enter into contracts for the company, or to hire or fire employees, or to authorize expenditures for items other than postage. *Held*:

The Civil Practice Act provides for service of process upon a do-

mestic corporation by delivering a copy of the summons and complaint to "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof . . ." OCGA § 9-11-4 (d) (1). Similarly, service upon a foreign corporation may be perfected by delivering the complaint and summons to "a managing or other agent, cashier, or secretary within this state . . ." OCGA § 9-11-4 (d) (2).

An agent authorized to receive service has been defined as one whose position is "such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him." *Scott v. Atlanta Dairies Co-op.*, 239 Ga. 721, 724 (238 SE2d 340) (1977). It is not necessary that the employee in question be an officer or that he be authorized to enter into contracts on behalf of the corporation. Id.

It is undisputed that Payton was the manager of the appellee's Forsyth County store, and that as such he was responsible for its daily operations, including supervision of other store employees and submission of daily reports to corporate headquarters. Clearly, his duties and responsibilities were such as to afford reasonable assurance that he would inform his corporate principal of the service of process upon him; and it is undisputed that he in fact did so in a timely manner. Under these circumstances, we have no hesitancy in holding that he was a qualified agent upon whom to perfect service of process. Compare *Southeastern Fidelity Ins. Co. v. Heard*, 123 Ga. App. 635 (3) (182 SE2d 153) (1971) (where service was effected upon a mere typist in the company's office); *Thoni Oil Co. v. Tinsley*, 140 Ga. App. 887 (1) (232 SE2d 162) (1977) (where the employee, though designated on the return of service as "Mgr.," was shown by uncontroverted affidavits to have been a mere service station attendant). Accord *Ga. Farm Bldgs., Inc. v. Willard*, 170 Ga. App. 327 (317 SE2d 229) (1984); *Northwestern Nat. Ins. Co. v. Kennesaw Transp.*, 168 Ga. App. 701 (309 SE2d 917) (1983); *Adams v. Upjohn Co.*, 142 Ga. App. 264 (235 SE2d 584) (1977).

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JULY 10, 1984 —
REHEARING DENIED JULY 26, 1984 — 

*Harry M. Moseley*, for appellant.
*John V. Burch, Jon B. McPhail*, for appellee.