## 71051. WHATLEY'S INTERIORS, INC. v. ANDERSON et al.
(336 SE2d 326)

BANKE, Chief Judge.

Whatley's Interiors filed this action on April 19, 1982, seeking to recover damages from defendant Halkirk Corporation for its breach of an alleged contractual obligation to pay for labor and materials expended on certain real property improvements. The complaint also sought to foreclose a materialman's lien on the property in question, naming the following as the alleged owners of the property: "David D. Anderson, as Nominee for a Partnership Composed of Walter M. Madden, Laurence J. Hendrickson, Carolyn J. Stone, and Michael L. Kirkpatrick, Individually . . ."

Defendants Madden, Hendrickson, and Stone were never served with process and were subsequently voluntarily dismissed from the action by the appellant, leaving the case pending only against Halkirk Corporation, Kirkpatrick, and Anderson. The trial court dismissed each of these defendants, ruling that Kirkpatrick had never been served in his individual capacity, that service upon Halkirk Corporation, of which Kirkpatrick was president, was insufficient, and that Anderson had no ownership interest in the property. Service on Halkirk Corporation had been attempted by leaving a copy of the complaint and summons with Kirkpatrick's personal secretary, Ms. Evelyn Holmes, at the Georgia offices of the corporation. On appeal, the plaintiff does not challenge Kirkpatrick's dismissal as a defendant in his individual capacity but asserts that the suit should not have been dismissed with respect either to the corporation or to Anderson. *Held*:

1. The plaintiff's motion to strike an affidavit submitted by Halkirk Corporation as an attachment to its brief on appeal is granted. It is axiomatic that exhibits contained in an appellate brief which do not appear in the record or transcript cannot be considered by this court. *Strickland v. American Motorists Ins. Co.*, 149 Ga. App. 690, 691 (256 SE2d 92) (1979).

2. The trial court was authorized to conclude, on the basis of the record before it, that Kirkpatrick's personal secretary was not an agent of the corporation upon whom service of the corporation could be effected pursuant to OCGA § 9-11-4 (d). In order for an employee

to be authorized to accept service on behalf of a corporation, it is necessary that the employee's position be "such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him." *Scott v. Atlanta Dairies Co-Op*, 239 Ga. 721, 724 (238 SE2d 340) (1977). "It is not necessary that the employee in question be an officer or that he be authorized to enter into contracts on behalf of the corporation." *Ogles v. Globe Oil Co.*, 171 Ga. App. 785, 786 (320 SE2d 848) (1984). See also *Browning v. Europa Hair*, 244 Ga. 222, 224 (259 SE2d 473) (1979). However, if the employee is not an officer or has not been expressly designated by the corporation to receive service, it is necessary that he or she occupy some position of managerial or supervisory responsibility within the organization. See *Headrick v. Fordham*, 154 Ga. App. 415 (1) (268 SE2d 753) (1980). Accord *Citizens Bank of Hapeville v. Alexander-Smith Academy*, 226 Ga. 871 (178 SE2d 178) (1970); *Adair Realty Co. v. Greenbriar-Fulton*, 149 Ga. App. 669 (255 SE2d 128) (1979). Compare *Southwest Community Hosp. &c. v. Thompson*, 165 Ga. App. 442 (4) (301 SE2d 501) (1983) (where it was shown that the secretary to whom the process was delivered regularly accepted service on behalf of the corporation and was knowledgeable about the procedures to be followed in such situations); *Northwestern Nat. Ins. Co. v. Kennesaw Transp.*, 168 Ga. App. 701 (309 SE2d 917) (1983) (where there was at least some indication that the employee in question was in charge of the office where service was made).

Where the evidence is conflicting with respect to the authority of an employee to receive service, the issue becomes one of fact to be resolved by the trial judge. See *Northwestern Nat. Ins. Co.*, supra, 168 Ga. App. at 702. In the case before us, the record contains no indication that Ms. Holmes performed any duties or was charged with any responsibilities within the corporation other than those of a personal secretary/typist for Mr. Kirkpatrick. It follows that the trial court did not err in granting the corporation's motion to dismiss for insufficiency of service of process.

3. The dismissal of Anderson as a defendant was also authorized, based on the court's finding that he had no interest in the subject property. Because this ruling was based on matters outside the pleadings, and was on the merits of the claim against Anderson, it should, technically speaking, have been treated as a grant of summary judgment rather than a dismissal. However, the fact that it was erroneously characterized as a dismissal does not constitute a ground for reversal, given the plaintiff's failure to object to the court's consideration of extrinsic evidence at the hearing on the dismissal motion. See *Davidson v. American Fitness Centers*, 171 Ga. App. 691, 693 (320 SE2d 824) (1984). See generally OCGA § 9-11-12 (b).

The only evidence offered by the plaintiff to rebut Anderson's

showing that he no longer had any ownership interest in the property was that Anderson had, along with several other persons, executed a security deed to the property dated September 23, 1980, which was subsequent to the date he had supposedly conveyed his interest. However, Anderson's signature on this deed does not constitute proof that his signature was required, i.e., that he still owned some interest in the property at that time, nor, obviously, does it tend to prove that he currently owns any such interest. As Anderson is not alleged to be personally liable on the breach of contract claim, it follows that the court was authorized to conclude that the plaintiff had no cause of action against him. There being no remaining defendants in the case, we accordingly hold that the trial court did not err in dismissing the action in its entirety.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 11, 1985.

*Lynn H. Whatley*, for appellant.
*James Booker*, for appellees.