A93A1997. MURRAY et al. v. SLOAN PAPER COMPANY.
(442 SE2d 795)

BEASLEY, Presiding Judge.

The Murrays sued Sloan Paper Company and its driver, alleging injuries caused by a collision between their car and the company's leased truck. Plaintiffs appeal from the grant of corporation's motion for summary judgment, or in the alternative, motion to dismiss, and entry of final judgment as to that defendant based on its defense of insufficiency of service of process. We reverse.

A renewed complaint was filed on November 5, 1991. On November 7, a state court marshal went to defendant's place of business to effect service. The marshal averred: "The process back had instructions to serve J. V. Vansant, Jr., as registered agent for Sloan Paper Company. I arrived at [the company address specified on the process papers] and advised the receptionist I was there to see Mr. Vansant. [A Ms. Kenney] came up to me and told me Mr. Vansant was not available. She asked if she could help me and told me she was Mr. Vansant's administrative assistant. I told her I was there to serve a paper on him for Sloan Paper Company. She told me she could take the paper. I served the paper on her for Mr. Vansant. She signed her name on the return of service as having received the suit. . . ." Her signature for the corporation appears adjacent to the designation on the printed form specifying one "in charge of the office."

Ms. Kenney's affidavit stated: "I am an administrative assistant employed by Sloan Paper Company. . . . On November 7, 1991, . . . I was notified that someone from the sheriff's office was looking for Jim Vansant. I informed this individual that I was Jim Vansant's administrative assistant. This individual then gave me some documents which I later discovered related to this lawsuit. . . . [The sheriff] never asked whether I was an officer of or agent for service of process on behalf of Sloan Paper Company. I have never been an officer of [the] company, nor have I been appointed as a registered agent for service of process by the company."

Vansant was an officer of the corporation at the time of service, and had been its registered agent until January 31, 1991, when CT

Corporation was appointed. He averred that he was not personally served with the complaint.

1. " ' "The defenses enumerated in § 12 (b) of The Civil Practice Act [OCGA § 9-11-12 (b)] except (6), failure to state a claim upon which relief can be granted, are matters in abatement which are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar but not to matters in abatement. [Cits.]" ' " *Deller v. Smith*, 250 Ga. 157, 163 (2) (296 SE2d 49) (1982). The defense of insufficiency of service of process is a plea in abatement and is not properly a basis for a motion for summary judgment. *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974); *Hight v. Blankenship*, 199 Ga. App. 744 (406 SE2d 241) (1991); *Cheshire Bridge Enterprises v. Lexington Ins. Co.*, 183 Ga. App. 672 (2) (359 SE2d 702) (1987). Accordingly, the order is treated for review as a dismissal under OCGA § 9-11-12 (b) (5).

"When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The return 'can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit.' [Cits.]" *Patterson v. Coleman*, 252 Ga. 152 (311 SE2d 838) (1984).

2. In addition to service on a registered agent, OCGA § 9-11-4 (d) (1) allows service on "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof. . . ." "In order for an employee to be authorized to accept service on behalf of a corporation, it is necessary that the employee's position be 'such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him.' [Cit.] 'It is not necessary that the employee in question be an officer or that he be authorized to enter into contracts on behalf of the corporation.' [Cits.] However, if the employee is not an officer or has not been expressly designated by the corporation to receive service, it is necessary that he or she occupy some position of managerial or supervisory responsibility within the organization." *Whatley's Interiors v. Anderson*, 176 Ga. App. 406 (2) (336 SE2d 326) (1985).

It has been shown only that Ms. Kenney occupied the position of administrative assistant and that she was neither an officer of the corporation nor its registered agent for service of process. Nothing in the record indicates that her actual duties did not entail managerial or supervisory responsibilities; her title, the representation she made, and the actions she took speak to the contrary. The burden was on defendant to show that she did not have such responsibility. *Patterson*, supra. The evidence was not met. As in *Northwestern Nat. Ins. Co. v. Kennesaw Transp.*, 168 Ga. App. 701, 703 (309 SE2d 917) (1983), "she was the person who spoke to the process server[ ] and

was aware that [Vansant] was not available for service, further, [it could be] found from the officer['s] affidavit[ ] that [Kenney] led the officer[ ] to believe she was in charge of the office and was authorized to accept service for [defendant corporation]." Compare *Citizens Bank of Hapeville v. Alexander-Smith Academy*, 226 Ga. 871 (178 SE2d 178) (1970) and *Headrick v. Fordham*, 154 Ga. App. 415 (1) (268 SE2d 753) (1980), two actions in which the uncontroverted evidence showed that a receptionist-typist and secretary were unauthorized to receive service of process.

Neither the established facts nor the law support the trial court's ruling. Accordingly, it was error to grant defendant's motion to dismiss.

3. Since the complaint was served on an authorized agent for the corporation, within five days after it was filed, service was timely under OCGA § 9-11-4 (c). It was not necessary to show that plaintiffs acted in a reasonably diligent manner. Compare, e.g., *Brumbalow v. Fritz*, 183 Ga. App. 231 (2) (358 SE2d 872) (1987).

*Judgment reversed. Pope, C. J., McMurray, P. J., Cooper and Blackburn, JJ., concur. Birdsong, P. J., Andrews, Johnson and Smith, JJ., dissent.*

SMITH, Judge, dissenting.

I respectfully dissent. As in *Whatley's Interiors v. Anderson*, 176 Ga. App. 406 (336 SE2d 326) (1985), the trial court here concluded that Ms. Kenney did not have authority to accept service on behalf of the corporation. Since the evidence was in conflict, the issue became one of fact for determination by the trial court. I believe the trial court's conclusion, based upon the record before it, was authorized and should be affirmed.

I am authorized to state that Presiding Judge Birdsong, Judge Andrews and Judge Johnson join in this dissent.

DECIDED MARCH 8, 1994 —
RECONSIDERATION DENIED MARCH 30, 1994 — 

*Paul C. Parker & Associates, William S. Sarandis*, for appellants.

*Long, Weinberg, Ansley & Wheeler, Lance D. Lourie, Sharon B. Austin*, for appellee.