A99A0311. McCLENDON v. ELZORA.
(515 SE2d 860)

BLACKBURN, Presiding Judge.

Theresa McClendon appeals the trial court's grant of summary judgment to her uninsured motorist carrier (UMC), State Farm Mutual Automobile Insurance Company, on the basis that State Farm was never properly served with a copy of her complaint. For the reasons discussed below, we reverse.

McClendon sustained certain injuries from an automobile wreck with Enriqueta Elzora on October 13, 1995. At the time of the accident, Elzora was uninsured, and McClendon so alleged in her complaint. On October 13, 1997, the last day for filing suit within the applicable statute of limitation, McClendon, acting pro se, filed suit against Elzora. On the same date, McClendon requested service of the action on Elzora and State Farm. Elzora could not be located for service, and on March 20, 1998, the trial court granted McClendon's motion to serve her by publication.

On October 20, 1997, McClendon's suit was served on State Farm through Rob Slaughter, a divisional claim superintendent in one of State Farm's satellite offices. At the time that he was served, Slaughter informed the sheriff's representative that he did not have the authority to accept service for State Farm. There is no dispute that, for all times relevant to this action, State Farm was a foreign corporation whose designated agent for process, as registered with the Georgia Secretary of State's office, was Laura Quinn.

On November 17, 1997, State Farm filed an answer to McClendon's suit, claiming that her action against State Farm as UMC should be dismissed for improper service. On January 15, 1998, State Farm filed a brief in support of its motion for summary judgment in which it fully argued that its registered agent, Laura Quinn, should have been served. On January 27, 1998, after retaining counsel, McClendon finally served State Farm's registered agent.

In its order in this case, the trial court found (1) that service on Slaughter was invalid because Slaughter was not an appropriate agent of State Farm and (2) that subsequent service on Quinn 106 days after the running of the statute of limitation was invalid due to a lack of diligence. Assuming that service on Slaughter was indeed improper, the trial court's determination that the subsequent service on Quinn was non-diligent would be correct and would provide an appropriate basis for granting State Farm's motion for summary

judgment. See *U. S. Fidelity &c. Co. v. Reid*, 268 Ga. 432, 434 (491 SE2d 50) (1997). However, State Farm failed to carry its burden of showing that Slaughter could not be considered an appropriate agent for service of process, as discussed below, and this case must be reversed and remanded for this reason.

OCGA § 9-11-4 (d) (1) generally provides that an action may be served on a foreign corporation authorized to transact business in this state through "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof."

> In order for an employee to be authorized to accept service on behalf of a corporation, it is necessary that the employee's position be such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him. It is not necessary that the employee in question be an officer or that he be authorized to enter into contracts on behalf of the corporation. However, if the employee is not an officer or has not been expressly designated by the corporation to receive service, it is necessary that he or she occupy some position of managerial or supervisory responsibility within the organization.

(Citations and punctuation omitted.) *Whatley's Interiors v. Anderson*, 176 Ga. App. 406-407 (2) (336 SE2d 326) (1985).

"When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service." *Patterson v. Coleman*, 252 Ga. 152 (311 SE2d 838) (1984). Based on the evidence of record, State Farm has not carried this burden. As State Farm admits, the only evidence in the record on this point is Slaughter's affidavit which provides the conclusory statement: "My job responsibilities have never included acting as agent for service of process for [State Farm]." Although he may not have been State Farm's designated agent, Slaughter, nonetheless, could be an appropriate agent for service of process if he has managerial or supervisory responsibility within State Farm and his position affords reasonable assurance that he would inform State Farm that process had been served upon him. *Whatley's Interiors*, supra. As there is no evidence in the record regarding Slaughter's job description other than his title, a question of fact remains as to whether Slaughter could be considered an appropriate agent of State Farm for service of process. Therefore, we must reverse the trial court's grant of summary judgment on this issue and remand the case for consideration of Slaughter's responsibilities as a divisional claims superintendent.

*Judgment reversed and case remanded. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 8, 1999.

*Jones & Oliver, Charles E. Jones, Mary Jo Oliver*, for appellant.
*Sharon W. Ware & Associates, Paul L. Groth*, for appellee.