A04A1355. THORNTON v. LEE et al.
(606 SE2d 32)

MILLER, Judge.

Timothy Thornton appeals from the trial court's dismissal of his lawsuit against Robert Lee, Jr., and Flanders Construction for insufficient service. Since evidence supported the trial court's conclusion that neither defendant was properly served, we affirm.

The record reveals that Thornton sued Lee and Flanders Construction for personal injuries that he suffered in a car accident. Thornton voluntarily dismissed his suit on July 16, 2002, and re-filed it in Fayette County Superior Court on January 2, 2003.

Instead of serving Lee with the renewed lawsuit, the undisputed evidence reveals that Thornton served Lee's estranged wife at her home on January 14, 2003. Lee's wife was not a party to the lawsuit, and Lee himself averred that he never lived at the address where his estranged wife was served. Moreover, Lee did not authorize his estranged wife to accept service on his behalf, and Lee was never personally served with the summons and complaint.

The record also reveals that Thornton attempted to serve Flanders Construction through its registered agent, Frank Flanders, by means of the Fayette County and Pike County sheriff's offices. However, both sheriffs refused to serve Flanders, because the listed address at which he could accept service was not located in Fayette County or Pike County. On January 27, 2003, instead of serving Flanders, the Fayette County sheriff served Flanders's father, who was not the registered agent for Flanders Construction and who had no authority to accept service on behalf of the company at the time the renewed

lawsuit was filed. Neither Flanders nor any other officer or agent of Flanders Construction was ever served with the summons and renewed complaint.

The defendants failed to answer, and Thornton moved for a default judgment. The defendants moved to dismiss the lawsuit for lack of service or in the alternative to open the default. Following a hearing, the trial court dismissed Thornton's lawsuit, finding that the defendants had not been properly served. Thornton appeals.

Despite Thornton's several enumerations of error, the dispositive issue here is whether the trial court properly dismissed Thornton's renewed lawsuit against Lee and Flanders Construction due to lack of service. When conflicting evidence is presented regarding the proper receipt of service, the factual disputes created thereby are to be resolved by the trial court. *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989); see also *Whatley's Interiors v. Anderson*, 176 Ga. App. 406, 407 (2) (336 SE2d 326) (1985). The trial court's findings with respect to the receipt of service will not be disturbed on appeal if there is any evidence to support them. *Terrell*, supra, 189 Ga. App. at 779 (1).

Here, Thornton attempted to serve Lee pursuant to OCGA § 9-11-4 (e) (7), which provides that service may be made "by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." However, Lee presented evidence that he had never lived at the address where his estranged wife was served. Furthermore, his estranged wife was not a party to the lawsuit. Since evidence supported the trial court's conclusion that service was not properly made pursuant to OCGA § 9-11-4 (e) (7), the trial court did not err in dismissing Thornton's lawsuit against Lee. *Glass v. Byrom*, 146 Ga. App. 1-2 (245 SE2d 345) (1978); see also *Terrell*, supra, 189 Ga. App. at 779 (1) (copy of summons and complaint left with relative at a place other than defendant's residence is not sufficient service).

Similarly, evidence supported the trial court's conclusion that Flanders Construction was not properly served, since Flanders Construction presented evidence that the person served was not the registered agent for Flanders Construction and was not authorized to accept service for the company. See OCGA § 9-11-4 (e) (1). Thus, the trial court did not err in dismissing Thornton's lawsuit against Flanders Construction. See *Whatley's Interiors*, supra, 176 Ga. App. at 407 (2).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 5, 2004 —
RECONSIDERATION DENIED OCTOBER 29, 2004 —

*Daniele C. Johnson,* for appellant.
*Finley & Buckley, James B. Finley, Kelly R. Castellow,* for appellees.