A08A1689. CALHOUN v. GOVERNMENT EMPLOYEES
INSURANCE COMPANY, INC.
(675 SE2d 523)

PHIPPS, Judge.

Michael Calhoun appeals the superior court's grant of summary judgment to his uninsured/underinsured motorist ("UM") carrier, Government Employees Insurance Company, Inc. (GEICO). Calhoun complains that the court erred in finding that Calhoun did not sufficiently serve process upon GEICO, in finding that a purported release did not reserve his claim against GEICO, and in not holding a hearing before granting summary judgment. Finding no error, we affirm.

1. "The defense of insufficiency of service of process is a plea in abatement and is not properly a basis for a motion for summary judgment."[1] Thus, although the court granted summary judgment

---

[16] *Ga. Public Svc. Comm. v. Alltel Ga. Communications Corp.*, 244 Ga. App. 645, 647 (536 SE2d 542) (2000).

[1] *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (1) (442 SE2d 795) (1994) (citations omitted); see *Poteate v. Rally Mfg.*, 260 Ga. App. 34, 35 (1) (579 SE2d 44) (2003).

on GEICO's service of process defense, we will treat the grant as a dismissal[2] and review that decision for abuse of discretion.[3]

The record shows that on July 31, 2006, Calhoun filed an action against both the driver and the owner of a vehicle involved in an August 2004 accident for damages Calhoun claimed to have sustained as a result of the accident. He did not serve GEICO with this complaint. Before filing the action, however, Calhoun informed GEICO of the accident and discussed with GEICO the possibility that the other vehicle was uninsured or underinsured. On November 20, 2006, during discovery, the vehicle's owner informed Calhoun of the policy limits covering the vehicle, and Calhoun subsequently settled his claims against the owner. On February 20, 2007, Calhoun's counsel sent GEICO a letter stating that Calhoun "[was] not fully compensated and thus his uninsured and underinsured coverage for GEICO [was] now a consideration." On April 10, 2007, Calhoun's counsel sent GEICO a copy of the underlying action through certified mail, and stated in a letter that the vehicle's owner "[was] an underinsured motorist" and that Calhoun "intend[ed] to pursue the underinsured coverage in [his] policy." GEICO subsequently filed an answer in the underlying action, asserting insufficient service of process.

When a person injured in a car accident learns after bringing an action that the vehicle involved was uninsured or underinsured, OCGA § 33-7-11 (d) provides, in pertinent part, that

> the insurance company issuing the [UM] policy shall be served within either the remainder of the time allowed for valid service on the defendant or 90 days after the date on which the party seeking relief discovered, or in the exercise of due diligence should have discovered, that the vehicle was uninsured or underinsured, whichever period is greater.

OCGA § 33-7-11 (d) further requires a plaintiff to serve his UM carrier "as though [it] were actually named as a party defendant." Service of process upon a party defendant "shall be made by delivering a copy of the summons attached to a copy of the complaint" to the defendant,[4] unless the defendant has waived service in accordance with the provisions of OCGA § 9-11-4.

---

[2] See *Cushman v. Raiford*, 221 Ga. App. 785, 786 (472 SE2d 554) (1996); *Murray*, supra.

[3] *State Farm &c. Ins. Co. v. Manders*, 292 Ga. App. 793, 794 (1) (665 SE2d 886) (2008); *Ballenger v. Floyd*, 282 Ga. App. 574, 575 (639 SE2d 554) (2006).

[4] OCGA § 9-11-4 (e).

Calhoun did not serve a copy of his complaint upon GEICO within the time allowed for service upon the defendants[5] or within 90 days of receiving the discovery responses indicating that the vehicle was underinsured. Thus, he did not satisfy the service requirement of OCGA § 33-7-11 (d). Citing *Stout v. Cincinnati Ins. Co.*,[6] however, Calhoun contends that he should not be held to the statutory service requirement because GEICO had notice of a potential UM claim and was not prejudiced by the insufficient service of process. *Stout* held that service of process upon a UM carrier of a renewal action, rather than the initial action, met the requirements of an earlier version of OCGA § 33-7-11 (d).[7] In so holding, *Stout* noted that service of process of a renewal action upon a UM carrier satisfied the "purpose of OCGA § 33-7-11 (d) to provide the [UM carrier] with notice of the pendency of a lawsuit."[8] *Stout*, however, adhered to our holding in *Bohannon v. Futrell*[9] that service of process under OCGA § 33-7-11 (d) is a statutory prerequisite to a UM carrier's liability.[10] *Stout* thus does not support Calhoun's position that he needed to show only notice and lack of prejudice to seek UM benefits from GEICO.

The trial court did not err in ruling that Calhoun did not provide sufficient service of process upon GEICO, as required by OCGA § 33-7-11 (d).

2. We find no merit in Calhoun's assertion that the court erred by not holding a hearing on GEICO's motion. As discussed in Division 1, supra, GEICO's motion concerning the sufficiency of service of process is properly considered a motion to dismiss, rather than a motion for summary judgment, and the court was not required to hold a hearing on a motion to dismiss.[11] Moreover, the record shows that Calhoun was served with GEICO's motion, but it does not demonstrate that Calhoun filed a timely request for oral hearing on the motion.[12]

3. In light of our ruling in Division 1, Calhoun's remaining enumerated errors concerning the effect of his release upon his claims against GEICO are moot.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

---

[5] See OCGA § 9-3-33 (statute of limitation for personal injury action is two years).

[6] 269 Ga. 611 (502 SE2d 226) (1998).

[7] Id. at 611-612.

[8] Id. at 612.

[9] See id., citing *Bohannon v. Futrell*, 189 Ga. App. 340 (375 SE2d 637) (1988), aff'd, *Bohannon v. J.C. Penney Cas. Ins. Co.*, 259 Ga. 162 (377 SE2d 853) (1989).

[10] See *Bohannon v. Futrell*, supra at 342 (1).

[11] See Uniform Superior Court Rule 6.3; *Batesville Casket Co. v. Watkins Mortuary*, 293 Ga. App. 854, 855-856 (3) (668 SE2d 476) (2008).

[12] See Uniform Superior Court Rule 6.3.

DECIDED MARCH 13, 2009.

*Veronica E. Brinson*, for appellant.
*Chambless, Higdon, Richardson, Katz & Griggs, Mary M. Katz, Karen J. Robertson*, for appellee.