for appellee.

A93A1346. COMMERCIAL UNION INSURANCE COMPANY
v. GIBSON.
(437 SE2d 808)

BIRDSONG, Presiding Judge.

Pursuant to our grant of an interlocutory appeal, Commercial Union Insurance Company appeals from the order of the trial court denying its motion for summary judgment based upon improper service of process. This is an uninsured motorist action and, although the uninsured motorist was properly served, Commercial Union contends that it was not properly served as the uninsured motorist carrier because service was not made upon one of its authorized agents for receiving service, but instead was made upon an independent insurance agent. Gibson contends, however, that service was properly made upon an agent of Commercial Union. *Held*:

1. The record shows that service was upon an independent insurance agent who, although authorized to request and receive orders for insurance on behalf of Commercial Union, was not an employee of Commercial Union. Moreover, the record shows that the person served was an independent agent who represented numerous insurance companies, but who had no relationship with Commercial Union other than to sell its policies.

"Agent," used in the sense of OCGA § 9-11-4 (d), applies only to agents that have some sort of controlling authority and are vested with authority to create obligations on behalf of their principal. *Southeastern Fidelity Ins. Co. v. Heard*, 123 Ga. App. 635, 638-639 (182 SE2d 153). It is clear from the record that this independent insurance agency had no such authority. Further, the cases upon which Gibson relies are inapposite as they concern agents who were also employees of the principals, who served only one principal or who worked in the principal's office. In particular, the agents were not independent insurance agencies who represented various insurance companies. Therefore, under the circumstances, this case is controlled by *Standard Guaranty Ins. Co. v. Landers*, 206 Ga. App. 803, 805 (426 SE2d 574). Service must be made upon an actual agent of the company, and not one who merely orders or sells its policies. Accordingly, the trial court erred by denying Commercial Union's motion to dismiss and the judgment must be reversed.

2. As there was no proper service in this case and the period of limitation expired without proper service, the trial court is directed to dismiss the action. *Bohannon v. J. C. Penney Cas. Ins. Co.*, 259 Ga. 162 (377 SE2d 853); *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416).

*Judgment reversed with direction. Pope, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 27, 1993 —
RECONSIDERATION DENIED NOVEMBER 9, 1993

*Watson, Spence, Lowe & Chambless, Stephen S. Goss*, for appellant.

*Harris & James, John E. James, Lisa D. Neill-Beckmann*, for appellee.