A00A1361. COOMBS v. KOBLASZ.
(539 SE2d 562)

BLACKBURN, Presiding Judge.

In this defamation action, Franklyn K. Coombs appeals the dismissal of his case against Arthur Koblasz, contending that the trial court erred in finding that it lacked personal jurisdiction over Koblasz due to defective service of process. Because the evidence of record supports the trial court's finding, we affirm.

"On the issue of improper service, as timely raised in [Koblasz's] answer, the [trial] court was the trier of fact. In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence."(Punctuation omitted.) *Yeary v. Bell*.[1]

The record shows that Coombs attempted to serve Koblasz pur-

---

[1] *Yeary v. Bell*, 228 Ga. App. 522, 524 (2) (492 SE2d 278) (1997).

suant to OCGA § 9-11-4 (d) (7) by "leaving copies [of the summons and complaint] at [his] dwelling house or usual place of abode with some person of suitable age and discretion residing therein." On June 15, 1995, a process server for Coombs delivered the summons and complaint to Victor Vaysman at Koblasz's home. Vaysman, however, was not a resident there. Testimony showed that he was a student of Koblasz's at Georgia Tech who had agreed to gather Koblasz's mail and water his plants while he was teaching a course in Spain. At the time that process was served, Vaysman was living at another address with his parents. Although Coombs attempted to dispute Vaysman's testimony with an affidavit from the process server stating that Vaysman told him that he was Koblasz's roommate, Coombs did not offer the affidavit into evidence.

On appeal, Coombs argues that the process server's affidavit, which was reviewed by the trial court, raises a question as to Vaysman's credibility and thereby makes the dismissal of his action improper. However,

> [t]he trial court as trier of fact of this motion to dismiss for invalid service of process could make those findings of fact necessary in support of his determination and in doing so could weigh the evidence relevant to such factual issues under consideration and judge witness credibility pertaining to such issues. Conversely, determining witness credibility and weighing the evidence are not appellate court functions.

(Citations and punctuation omitted.) *Yeary,* supra.

It is not the function of this Court to determine the credibility of the witnesses involved. The record in this case supports the finding that Koblasz was not properly served, and we find no error in the trial court's ruling. Because of this holding, Coombs' remaining enumeration of error is rendered moot.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 19, 2000.

*Lackland & Heyward, Theodore H. Lackland,* for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Kathryn L. Allen, Assistant Attorney General,* for appellee.