**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 2, 2022**

# In the Court of Appeals of Georgia

A21A1444. RAFAC v. JIANGSU LINHAI POWER MACHINERY GROUP CORPORATION.

MCFADDEN, Presiding Judge.

This appeal concerns whether James A. Rafac properly served his tort action upon Jiangsu Linhai Power Machinery Group Corporation. Jiangsu is a Chinese entity that does not operate in the United States, is not incorporated or domesticated in Georgia, is not authorized to transact business in Georgia, and has no registered agent in Georgia. Rafac personally served the complaint upon Ronald Ho, the registered agent in Georgia of a corporation that imported and distributed Jiangsu's products. There are factual disputes regarding whether Jiangsu had appointed that corporation to accept service of process on its behalf, but the trial court did not address those factual disputes. Instead, the trial court found that service was improper because Ho

was not Jiangsu's registered agent. That was a misapplication of the law. So we vacate the order dismissing Rafac's action for lack of service and remand the case for further consideration. But we find no merit in Rafac's argument that the trial court erred in considering an affidavit presented by Jiangsu.

1. *Procedural history.*

This is the second appearance of this case before us. In *Rafac v. Jiangsu Linhai Power Machinery Group Corp.*, 357 Ga. App. 551 (851 SE2d 185) (2020) (*Rafac I*), we reviewed an earlier order dismissing Rafac's action against Jiangsu. As we explained in *Rafac I*,

> [t]he record shows that in April 2014, Rafac was allegedly involved in an all-terrain vehicle accident in Panama. On June 14, 2017, Rafac filed suit against Jiangsu[, the manufacturer of the all-terrain vehicle,] and numerous other parties in connection with the accident. Rafac indicated that his civil suit was a renewal action, as his previous lawsuit was voluntarily dismissed. The record contains a sheriff's return of service, filed on June 21, 2017, indicating that a sergeant served Jiangsu by leaving a copy of the action and summons with "Robert Ho, Agent," at 1715 Lakes Parkway in Lawrenceville, Georgia.

*Rafac I*, 257 Ga. App. at 552. We noted that "[b]oth parties appear to acknowledge that Robert Ho is the same person as Ronald Ho." Id. at 552 n. 1.

2

Jiangsu moved to dismiss the action, arguing that it had not been properly served. *Rafac I*, 257 Ga. App. at 552. Rafac argued, among other things, that service on Ho was sufficient because

> Jiangsu had designated Sunright International of America, Inc., through its principal Ronald Ho, as the agent for accepting service of process. . . . Rafac filed [with the trial court] a document entitled "Appointment of Agent for Service of Process on a Foreign Manufacturer," which stated that, pursuant to the National Traffic and Motor Vehicle Safety Act, Jiangsu had appointed Sunright International as its agent for service of process.

Id. The trial court rejected this argument. As we explained in *Rafac I*,

> [a]t the hearing on Jiangsu's motion to dismiss, the trial court found that the "Appointment of Agent for Service of Process on a Foreign Manufacturer" form which Rafac had filed was not reliable because it was not dated or signed. The trial court also ruled that Rafac's affidavit did not provide "sufficient evidence." In its written order granting Jiangsu's motion to dismiss, the trial court found that service on Sunright International was not sufficient to constitute service on Jiangsu.

Id. at 553.

We vacated the dismissal order in *Rafac I*, concluding that the trial court, in ruling on Jiangsu's motion, had "applied an incorrect legal standard because it found

3

Rafac's evidence to be insufficient to demonstrate that Jiangsu had been served and never otherwise explained in any order or ruling that Jiangsu had carried its burden of proof." *Rafac I*, 357 Ga. App. at 555-556. We held that, "[b]ecause it appear[ed] that the trial court incorrectly shifted the burden of proof from Jiangsu to Rafac, we [were] compelled to vacate its orders granting Jiangsu's motion to dismiss and denying Rafac's motion to vacate and set aside [the order dismissing the complaint]." Id. at 556. We remanded the case for the trial court "to reconsider Jiangsu's motion to dismiss under the proper legal standard." Id.

On remand, the parties presented competing affidavits regarding Ho's authority to accept service of process for Jiangsu. Rafac presented the affidavit of Ho, in which he stated that he was Sunright's CEO, president, and registered agent; that Sunright was at the time of the complaint the importer and distributor of all-terrain vehicles manufactured by Jiangsu; and that he has accepted service of process for Jiangsu as part of the regular business practice between Sunright and Jiangsu. As evidence of his authority to accept service, Ho attached to his affidavit a signed and dated copy of the "Appointment of Agent for Service of Process on a Foreign Manufacturer" form, which provided:

4

Pursuant to section 100(E) of the National Traffic and Motor Vehicle Safety Act, 15 U.S.C. 1399(E) the manufacturer listed below hereby designates in writing an Agent upon whom Service of all Administrative and Judicial Processes, Notices, Orders, Decisions, and Requirements may be made on behalf of said Manufacturer. The appointment of an Agent for Service only [sic]; it is for no other purpose whatever[.]

In accordance with the implementing regulation of the DOT/National Highway Traffic Safety Administration, 49 CFR 551.45 (1989), the Manufacturer Listed below Hereby Appoints: Sunright International of America, Inc. [and listing Sunright's mailing address in Georgia.]

As it's [sic] Agent for the purpose of Service of Process and hereby Certifies as follows:

1. This designation is in Legal Form Required to make it Binding on the Manufacturer Under the Laws, Corporate Bylaws, or other Requirements Governing the making of the Designation by the Manufacturer at the place and time where it is made.

2. The full and Legal Name, Principal Place of Business and Mailing Address of the Manufacturer is as follows: Jiangsu Linhai Power Machinery Group, Corp. [and listing Jiangsu's mailing address in China.]

5

Ho averred that he was "a person responsible for the keeping of business records for Sunright" and that the form attached to his affidavit was a "true and correct cop[y] of Sunright business records and information."

By way of rebuttal Jiangsu presented the affidavit of its director and general manager, Lu Ying. Therein, Lu testified that Ho was not Jiangsu's registered agent; that Jiangsu "has never intended for . . . Ho to accept service of process for litigation summons and complaints on behalf of Jiangsu"; that the appointment form discussed above "does not authorize . . . Ho to accept service of process for litigation summons and complaints on behalf of Jiangsu"; and that Lu was "not aware of any litigation summons or complaint that have been accepted by [Ho] on behalf of Jiangsu[.]"

After considering this evidence, the trial court again dismissed Rafac's complaint in the order now on appeal. The trial court struck the entry of service from the record and held that the statute of limitation barred Rafac's action. In support of that ruling, the trial court found that Jiangsu had met its burden of showing improper service by clear and convincing evidence, pointing to Lu's affidavit and to documents from the office of Georgia's Secretary of State showing that Ho was not Jiangsu's registered agent in Georgia. In the order, the trial court acknowledged Ho's testimony "that he was the appointed agent for service of process on a foreign manufacturer, for

6

the purposes of the National Traffic and Motor Vehicle Safety Act." But the trial court held that, "[a]lthough [Ho] testified that he accepted service on behalf of [Jiangsu], he did not show that he was its *registered* agent, for the purposes of OCGA § 9-11-4." (Emphasis supplied.)

Rafac appeals, arguing that the trial court erred by finding that Rafac failed to perfect service without determining whether Ho was Jiangsu's appointed agent under OCGA § 9-11-4 (e) (7). As detailed below, we find that the trial court misapplied the law by focusing on the fact that Ho was not Jiangsu's registered agent in Georgia rather than determining whether Ho was Jiangsu's appointed agent. So we vacate the trial court's order and remand for further proceedings not inconsistent with this opinion.

Rafac also argues that the trial court erred in considering the Lu affidavit because the affidavit does not establish that Lu's testimony was based on personal knowledge. As detailed below, we are not persuaded by this argument.

2. *The order must be vacated and the case remanded because the trial court failed to determine whether Ho was Jiangsu's appointed agent and so misapplied the law in the ruling.*

7

"This [c]ourt will uphold a trial court's ruling on a motion to dismiss a complaint for insufficient service of process absent a showing of an abuse of discretion. Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is any evidence to support them." *Vibratech, Inc. v. Frost*, 291 Ga. App. 133, 140 (1) (b) (661 SE2d 185) (2008) (citations, punctuation, and emphasis omitted), disapproved in part on other grounds by *Bowen v. Savoy*, 308 Ga. 204, 209 n. 7 (839 SE2d 546) (2020). But "we review de novo the trial court's rulings on questions of law." *Turfstore.com v. Hall*, 348 Ga. App. 398, 400 (2) (823 SE2d 81) (2019). Moreover, "an abuse [of discretion] occurs where the trial court's ruling . . . misstates or misapplies the relevant law." *Parsons v. Mertz*, 320 Ga. App. 786, 788 (1) (740 SE2d 743) (2013) (citation and punctuation omitted).

An abuse of discretion occurred here because the trial court misapplied the relevant law when he held that service upon Ho was not proper because Ho was not Jiangsu's registered agent. But the fact that Ho was not Jiangsu's registered agent is not dispositive of this case.

The Code section governing personal service, OCGA § 9-11-4 (e), provides for service upon a registered agent in three instances, none of which are implicated here.

8

Personal service may be made upon a registered agent if "the action is against a corporation incorporated or domesticated under the laws of this state[.]" OCGA § 9-11-4 (e) (1) (A). Personal service may be made upon a registered agent if "the action is against . . . a foreign corporation authorized to transact business in this state[.]" Id. And personal service may be made upon a registered agent if "the action is against a foreign corporation doing business in this state without authorization to transact business in this state" *and* that foreign corporation has "a registered agent designated for service of process." OCGA § 9-11-4 (e) (2) (A). By Jiangsu's own admission, it does not fall into any of these categories. As Jiangsu asserts in its appellate brief, it is "a Chinese state-owned entity [that] has no registered agent for service of process and does not operate within the United States[.]"[1]

None of the other statutory provisions pertaining to personal service of process provide for such service upon a registered agent, and most of those provisions also have no bearing on this case. See OCGA § 9-11-4 (e) (3) (pertaining to an action

---

[1] The parties do not discuss whether, under these circumstances, the trial court would have personal jurisdiction over Jiangsu under Georgia's long-arm statute, OCGA § 9-10-90 et seq. Jiangsu asserted lack of personal jurisdiction as an affirmative defense in its special appearance answer, and this issue presumably will be litigated if, on remand, the trial court determines that Rafac properly served Jiangsu.

9

against a minor); OCGA § 9-11-4 (e) (4) (pertaining to an action against a Georgia resident "who has been judicially declared to be of unsound mind or incapable of conducting his or her own affairs"); OCGA § 9-11-4 (e) (5) (pertaining to an action against a county, municipality, city, town, or any other public body or organization); and OCGA § 9-11-4 (e) (6) (pertaining to an action for a principal sum of less than $200).

The only statutory provision allowing for personal service of process that could apply to the circumstances of this case is OCGA § 9-11-4 (e) (7), which by its terms pertains to "*all* other cases," meaning all cases other than those covered by OCGA § 9-11-4 (e) (1) through (6), the provisions discussed above. OCGA § 9-11-4 (e) (7) (emphasis supplied). See *Kitchen Intl. v. Evans Cabinet Corp.*, 310 Ga. App. 648, 651-653 (1) (714 SE2d 139) (2011) (holding that OCGA § 9-11-4 (e) (7) provided a proper manner of personal service in Georgia upon a foreign corporation that cannot be served under OCGA § 9-11-4 (e) (1) or (2), the two other methods of effecting personal service upon a corporation). Despite that plain statutory language, Jiangsu argues that Rafac cannot serve it under OCGA § 9-11-4 (e) (7) but must instead serve it under OCGA § 9-11-4 (f) (3), which provides a method for service of process outside of the United States. We disagree. The method set out in OCGA § 9-11-4 (f)

10

(3) is not mandatory; it simply provides an alternative means by which service "*may be effected in a place not within the United States*[.]" OCGA § 9-11-4 (f) (3) (emphasis supplied).

Rafac argues that he properly served Jiangsu under OCGA § 9-11-4 (e) (7)'s catchall provision, which permits personal service on "an agent authorized by appointment or by law to receive service of process" when the other methods of effecting personal service under OCGA § 9-11-4 (e) do not apply. The parties dispute whether Ho was such an agent, and the record contains conflicting evidence on that point. Ho averred that he was the CEO, president, and registered agent of Sunright, the corporation that Jiangsu appointed in writing to receive, on its behalf, service of process pursuant to the National Traffic and Motor Vehicle Safety Act. Even if, as Jiangsu argues, the written appointment covered only service of proceedings related to that Act, the form is still evidence that Jiangsu and Sunright had a business relationship in which Sunright sometimes would receive service of process for Jiangsu.

And there is additional evidence that Jiangsu's arrangement with Sunright extended beyond proceedings under the National Traffic and Motor Vehicle Safety Act. In his affidavit, Ho expressly stated that, pursuant to the business relationship

11

between Jiangsu and Sunright, he received service of complaints on Jiangsu's behalf in civil actions including actions for product liability, such as this case. Ho's affidavit testimony could support a finding that he "was a designated agent for service of process[.]" *Southwest Community Hosp. & Med. Center v. Thompson*, 165 Ga. App. 442, 444 (4) (301 SE2d 501) (1983).

Jiangsu argues that Ho's testimony is insufficient as a matter of law to show that Jiangsu appointed Sunright as its agent for receiving service in civil actions. But in support of this argument, Jiangsu cites cases that did not involve a regular business practice wherein the purported agent received service of process on the defendant's behalf. See *Commercial Union Ins. Co. v. Gibson*, 210 Ga. App. 823 (1) (437 SE2d 808) (1993) (involving the authority of an independent insurance agent "who merely orders or sells [an insurance company's] policies" to receive service on behalf of the insurance company); *Headrick v. Fordham*, 154 Ga. App. 415, 416-417 (1) (268 SE2d 753) (1980) (involving the authority of a secretary to receive service on behalf of her employer where there was no dispute that the employer had not formally designated the secretary to do so).

Certainly, Rafac's evidence does not compel the conclusion that Jiangsu appointed either Sunright or Ho to receive service of process of complaints in a civil

12

action such as this. Jiangsu's director and general manager, Lu, averred that Jiangsu had not given Ho such authority. But the factual dispute created by the competing affidavits in this case must "be resolved by the factfinder, the trial court." *Webb v. Tatum*, 202 Ga. App. 89, 91 (413 SE2d 263) (1991) (citation and punctuation omitted). The trial court did not make a finding one way or the other on the issue, and "[w]e do not know . . . exactly why the trial court said nothing about [this issue]. But we do know that the trial court *could* have assigned no weight at all to the testimony of the witnesses about [the issue] to the extent that it found that their testimony was not credible." *Mathenia v. Brumbelow*, 308 Ga. 714, 715-716 (1) (843 SE2d 582) (2020) (citations and punctuation omitted; emphasis in original).

It is for the trial court, in the first instance, to weigh the competing evidence concerning Ho's authority to accept service on Jiangsu's behalf and assess the witnesses' credibility on that issue. See *Coombs v. Koblasz*, 246 Ga. App. 67, 68 (539 SE2d 562) (2000). So we vacate the trial court's dismissal order and remand this case for the trial court to do so.

3. *Trial court's consideration of the Lu affidavit.*

Rafac argues that the trial court erred in considering the Lu affidavit because the affidavit did not establish that Lu's testimony was based on personal knowledge.

13

See OCGA § 9-11-56 (e) ("affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"). See also *Baxley v. Baldwin*, 279 Ga. App. 480, 481 (1) n. 2 (631 SE2d 506) (2006) (requirements of OCGA § 9-11-56 (e) also "apply to affidavits offered in connection with a motion to dismiss"). But in his affidavit, Lu states that he was a director and general manager of Jiangsu and that the affidavit was given based on his personal knowledge. "Generally, the mere statement of the affiant that the testimony given comes from personal knowledge is sufficient." *Formaro v. SunTrust Bank*, 306 Ga. App. 398, 400 (1) (702 SE2d 443) (2010) (citation and punctuation omitted). More fundamentally, Rafac did not make this objection to the trial court; instead, he argued in his brief to the trial court that the affidavit "indicate[d] that [Lu] *had* personal knowledge of the facts in question[.]" (Emphasis supplied.) "Objections to affidavits such as an objection to the affiants' lacking personal knowledge will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on motions [below]." Id. at 399-400 (1) (citations and punctuation omitted).

14

*Judgment vacated and case remanded with direction. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur in the judgment only.*