A96A0447, A96A0448. ARC SECURITY, INC. v. MASSEY BUSINESS COLLEGE (two cases).
(471 SE2d 569)

SMITH, Judge.

In this garnishment action, ARC Security, Inc. appeals from the trial court's orders denying its motion to set aside a default judgment and its traverse to the garnishment.

The record reveals that Jason Cunningham had been employed briefly at ARC prior to the institution of this action. After obtaining a judgment against Cunningham, Massey Business College filed an affidavit for continuing garnishment against Cunningham, naming ARC Security, Inc. as garnishee. The marshal's return indicates that service of the summons of garnishment was perfected as to ARC by serving "Ms. Jacobs" as "agent." ARC filed no answer to the garnishment, and a default judgment was entered against ARC in November 1994. In April 1995, ARC filed a traverse to the garnishment and moved to set aside the default judgment. The trial court consolidated the motion and the traverse, and after holding an evidentiary hearing, denied both.

We granted ARC's application for discretionary appeal covering both orders. Because the two appeals are from orders entered in the same action below and refer to the same set of facts, we have consolidated them for review.

1. ARC contends the trial court erred in denying its motion to set aside the default judgment because service on "Ms. Jacobs" was insufficient in this case. We agree and reverse.

OCGA § 18-4-23 provides in pertinent part that a summons of garnishment must be served upon "the agent in charge of the office or other place of business where the defendant is employed." Because garnishment is a special statutory proceeding in derogation of the

common law, this statute must be strictly construed. See *Baptist Convention v. Henry*, 187 Ga. App. 551, 552 (370 SE2d 813) (1988). In this case, the marshal's return recited in preprinted form that Jacobs was "personally in charge of the office and place of business at the time of service." When a challenge is raised to the sufficiency of service, the challenger bears the burden of showing that service was improper. A return may be set aside only on evidence that is not only clear and convincing, but the strongest possible. *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (1) (442 SE2d 795) (1994). ARC's burden, therefore, was to show by the strongest evidence possible that contrary to the recitation on the face of the return, Jacobs was not, in fact, "in charge of the office."

It sought to do this through the affidavit of its president, Alfred R. Chouinard, and the testimony at the hearing of its controller, Ward Kelly. Chouinard stated in his affidavit that at the time the summons of garnishment was served, ARC's registered agent was R. Joseph Costanzo. Sabrina Jacobs was the receptionist at the corporate office. Jacobs was not a corporate officer, performed only clerical functions, was paid on an hourly basis, and was not authorized to accept service on behalf of the corporation. Chouinard also stated that neither he nor any other officer or authorized person ever received the summons of garnishment.

Kelly's testimony was consistent with Chouinard's affidavit. He testified unequivocally that he and Cheryl Croft were the two persons in charge of the office of ARC. He never saw the summons of garnishment, and to his knowledge, no one else in the company knew of its whereabouts. He testified that in addition to Jacobs's receptionist duties, she also sometimes screened applicants for employment. She was not, however, authorized to accept service. Jacobs herself, called for cross-examination purposes by Massey, testified similarly. We find that this evidence satisfies ARC's burden of showing by the strongest evidence possible that the person served was not "in charge of the office" and that service was therefore improper.

Contrary to the argument advanced by Massey, *Murray v. Sloan Paper Co.*, supra, 212 Ga. App. 648, involved different principles of law and is not applicable here. *Murray* was not a garnishment case and thus did not involve the application of OCGA § 18-4-23; instead, it involved the general service statute, OCGA § 9-11-4. That statute sets forth different rules for proper service. OCGA § 9-11-4 (d) (1) permits a corporation to be served on the registered agent or on a corporate officer or other agent of the corporation. Case law has interpreted this to mean that if the person served is not a corporate officer and has not been expressly designated to accept service, that person must occupy a position of managerial or supervisory responsibility within the organization. Id. at 649 (2). The record in *Murray* did not

show that managerial or supervisory duties were outside the receptionist's area of responsibility.

In contrast, this case involves the service requirements of OCGA § 18-4-23. See generally *Cartwright v. Alpha Transp. Svc.*, 159 Ga. App. 296, 299-300 (4) (283 SE2d 282) (1981) (general provisions for service of process must yield to special provisions for service in garnishment statute). ARC had the burden of showing that service was improper because Jacobs was not "in charge" of the office, which it did by direct evidence: the testimony of one of the two persons who *were*, in fact, in charge of the office but were not served.

*Murray* is distinguished factually, as well. In *Murray*, the marshal's affidavit stated that when he arrived to serve the summons and complaint, the receptionist informed him that the registered agent was unavailable and that she could accept service. Id. at 648. It could be found from the marshal's affidavit, therefore, that the receptionist's actions led the marshal to believe she was authorized to accept service. Id. at 649-650 (2). Given the receptionist's actions as outlined in the marshal's affidavit, this Court held that the corporation had not carried its burden of showing that service had not comported with the requirements of OCGA § 9-11-4 (d) (1).

No such evidence was presented in this case. Massey did introduce evidence that in an unrelated lawsuit, ARC had been served by serving another of its employees. Massey's counsel also stated that on another occasion a different lawsuit had been served upon ARC by serving Jacobs and eventually settled by ARC. However, no evidence was introduced by Massey rebutting the evidence presented by ARC or showing that Jacobs was, in fact, "in charge" of the office. The marshal was not called upon to testify, nor was an affidavit presented from him. We conclude, therefore, that the requirements of OCGA § 18-4-23 were not met and that the trial court erred in denying ARC's motion to set aside the judgment based upon insufficient service of process. See *Citizens Bank v. Alexander-Smith Academy*, 226 Ga. 871 (178 SE2d 178) (1970).

2. The trial court did not err, however, in denying the traverse to the garnishment on the ground that "Massey Business College" does not denote a legal entity. Massey's counsel conceded that Massey was, in fact, owned by a differently named Wisconsin corporation. However, he introduced a lawfully filed trade name registration entitling Massey to do business under the trade name Massey Business College. "A trade name is merely a name assumed or used by a person recognized as a legal entity. . . . An undertaking by an individual in a fictitious or trade name is the obligation of the individual." (Citations and punctuation omitted.) *Crolley v. Haygood Contracting*, 201 Ga. App. 700, 702 (3) (411 SE2d 907) (1991). "A corporation conducting business in a trade name may sue or be sued in the trade

name. [Cit.]" *John L. Hutcheson &c. Hosp. v. Oliver*, 120 Ga. App. 547 (1) (171 SE2d 649) (1969).

*Judgment affirmed in Case No. A96A0448. Judgment reversed in Case No. A96A0447. Pope, P. J., and Andrews, J., concur.*

DECIDED MAY 22, 1996.

*Glenville Haldi*, for appellant.

*Frederick J. Hanna & Associates, Frederick J. Hanna, Elizabeth C. Whealler*, for appellee.