**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 26, 2025**

# In the Court of Appeals of Georgia

A24A1403. SMS FINANCIAL RECOVERY SERVICES, LLC. v.
 SILVERSTONE et al.

MCFADDEN, Presiding Judge.

After we granted its application for discretionary appeal, SMS Financial Recovery Services, LLC filed this appeal of an award of attorney fees under OCGA § 9-15-14 (a) and (b). The order awarding fees failed to make express findings of fact and conclusions of law in support of the award. So we vacate the award and remand this case for further proceedings not inconsistent with this opinion.

1. *Background*

SMS sought to recover a judgment entered against Ian Silverstone in Fulton Superior Court. SMS filed a garnishment proceeding naming Ian Silverstone as the defendant and Renasant Bank, Inc. as the garnishee. Yaarit Silverstone filed a third-

party claim, asserting that the funds in the Renasant account at issue belonged to her. Renasant filed an answer and paid $58,644.59 into the court registry, and then Ian Silverstone filed a claim form stating that the money from the Renasant account was exempt from garnishment because it belonged to a joint account holder.

The trial court held a hearing on Ian Silverstone's claim and Yaarit Silverstone's third-party claim, but SMS did not appear. See OCGA § 18-4-15 (d) ("upon the filing of the defendant's claim, a judge of the court in which the garnishment is pending shall order a hearing to be held not more than ten days from the date the claim is filed"). The trial court denied Ian Silverstone's claim, granted Yaarit Silverstone's third-party claim, and ordered the money to be disbursed to Yaarit Silverstone.

Contending that it did not receive notice of the hearing until after the hearing took place, SMS moved to vacate the trial court's order. The trial court conducted a hearing and denied the motion. Yaarit Silverstone then moved for attorney fees and expenses under OCGA § 9-15-14 (a) and (b). SMS responded and filed a cross-motion for OCGA § 9-15-14 fees.

After a hearing, the trial court granted Yaarit Silverstone's motion, awarding her $14,525 in attorney fees, and denied SMS's motion. The court found that SMS

> engaged in conduct which lacked[1] a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim. Further, [SMS's] discovery attempts, after the instant garnishment case had been dismissed, lacked any substantial justification, and unnecessarily expanded the litigation of this case.

We granted SMS's application for discretionary appeal, SMS filed a timely notice of appeal, and this appeal followed.

2. *The OCGA § 9-15-14 order*

SMS argues and Yaarit Silverstone agrees that the trial court's order awarding OCGA § 9-15-14 attorney fees failed to make the required findings of fact and conclusions of law. We also agree.

> When a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is made. A

---

[1] SMS argues that the use of the word "lacked" shows that the trial court's order is internally inconsistent. Yaarit Silverstone argues that the use of the word "lacked" is a scrivener's error. Either way, since we are remanding the case for findings of fact and conclusions of law, the trial court may address this issue.

judgment devoid of such findings must be vacated and the case must be remanded for reconsideration. Accordingly, the case must be remanded to the trial court for reconsideration of the grant of attorney fees and to make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it.

*McKemie v. City of Griffin*, 272 Ga. 843, 844-845 (4) (537 SE2d 66) (2000) (citations omitted).

We do not reach SMS's arguments regarding the justification for the conduct that may have been the basis for the trial court to make the award, because the trial court did not "specify the conduct upon which the award [was] made." *McKemie*, 272 Ga. at 844 (4). These "enumerations of error relate to whether the trial court's award of attorney fees was warranted . . . . In light of our holding [vacating the award and remanding], these contentions are not ripe for our review."

*Ga. Dept. of Transp. v. Douglas Asphalt Co.*, 295 Ga. App. 421, 425 (2) (671 SE2d 899) (2009) (citation and punctuation omitted).

Nor do we reach SMS's argument that OCGA § 9-15-14 does not apply to garnishment proceedings, apparently an issue of first impression. Compare OCGA § 9-15-14 (a) (specifying that the statute applies "[i]n any civil action in any court of

4

record of this state"); *Hardin Constr. Group v. Fuller Enterprises*, 265 Ga. 770, 771 (462 SE2d 130) (1995) (arbitration confirmation is "a special statutory proceeding, not a civil action"); *ARC Security v. Massey Business College*, 221 Ga. App. 489 (471 SE2d 569) (1996) (garnishment is a special statutory proceeding). "In light of our conclusion that [the trial court's order must be vacated and the case remanded], and the trial court did not reach [this] issue[ ], we do not reach [it] in the first instance here." *Wilbur v. Floyd*, 353 Ga. App. 864, 870 (2) (839 SE2d 675) (2020).

*Judgment vacated and case remanded. Mercier, C. J., and Rickman, P. J., concur.*