**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

April 30, 2026

# In the Court of Appeals of Georgia

A26A0482. SMS FINANCIAL RECOVERY SERVICES, LLC v. SILVERSTONE

DILLARD, Presiding Judge.

Following our grant of its application for a discretionary appeal, SMS Financial Recovery Services, LLC, appeals the trial court's award of attorney fees under OCGA § 9-15-14(a) and (b) to Yaarit Silverstone—a third party in this garnishment case. More precisely, SMS argues (1) OCGA § 9-15-14 does not apply in garnishment proceedings; (2) the court erred in sanctioning the company when it had a substantial justification for moving to set aside the order granting Yaarit's third-party claim; (3) the court erred in failing to rule on its motion to strike an affidavit; and (4) the court erred in failing to rule on Yaarit's "motion to quash." For the following reasons, we reverse.

We have seen this case before. In *SMS Financial Recovery Services, LLC v. Silverstone* (*Silverstone I*),[1] this Court recited the underlying factual background in some detail. In a nutshell, SMS filed a garnishment proceeding seeking to recover a judgment entered against Ian Silverstone in the Superior Court of Fulton County.[2] Specifically, SMS filed a garnishment proceeding naming Ian Silverstone as the defendant and Renasant Bank, Inc., as the garnishee.[3] Yaarit then filed a third-party claim, asserting that she owned the funds in the Renasant bank account.[4] Renasant filed an answer, paying $58,644.59 into the court registry; and Ian filed a claim form noting that the money from the Renasant bank account was "exempt from garnishment because it belonged to a joint account holder."[5] The trial court later held a hearing on Ian's claim and Yaarit's third-party claim, but SMS did not appear.[6] The court then denied Ian's claim, granted Yaarit's third-party claim, and ordered the

---

[1] 374 Ga. App. 502 (913 SE2d 376) (2025).

[2] Id. at 502 (1).

[3] Id.

[4] Id.

[5] Id.

[6] Id.

money disbursed to Yaarit.[7] SMS then moved to vacate the court's order, claiming it did not receive notice of the hearing until after it had taken place.[8] The court denied this motion, and Yaarit moved for attorney fees and expenses under OCGA § 9-15-14(a) and (b). And after a hearing on Yaarit's motion, the court granted it and awarded her $14,525 in attorney fees.[9]

SMS appealed the attorney-fee award, and this Court (1) vacated the award because the trial court did not make sufficient findings of fact and conclusions of law to support it, and (2) remanded the case to the trial court for reconsideration of its grant of attorney fees and to make express findings of fact and conclusions of law as to the statutory basis for any fee award and the conduct authorizing it.[10] But we did not address SMS's argument that OCGA § 9-15-14 does not apply to garnishment proceedings, noting that it was "apparently an issue of first impression."[11]

---

[7] Id.

[8] Id.

[9] Id.

[10] Id. at 503(2).

[11] Id.

On remand, the trial court issued a detailed order, again awarding Yaarit $14,525 in attorney fees under OCGA § 9-15-14(a) and (b). In doing so, the court concluded that (1) Yaarit presented evidence showing the amount of the award was reasonable and necessary;[12] (2) SMS's motion to vacate its order granting Yaarit's third-party claim presented no "justiciable issue of law or fact"; (3) the motion to vacate lacked substantial justification, was interposed for delay or harassment, and unnecessarily expanded the proceeding; and (4) SMS's post-judgment discovery requests were frivolous, meant to annoy and harass Yaarit, and also unnecessarily expanded the proceedings. We granted SMS's application for discretionary appeal, and this appeal follows.

To begin with, we review OCGA § 9-15-14 (a) attorney-fee awards "under an any-evidence standard, while OCGA § 9-15-14 (b) awards are reviewed for an abuse

---

[12] According to the trial court, the hearing on Yaarit's motion for attorney fees was not transcribed and no such transcript is included in the appellate record. Given the presumption of the regularity of court proceedings, we "must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings." See *Barnwell v. TPCII, LLC*, 295 Ga. 153, 154 (758 SE2d 281) (2014).

of discretion."[13] But we review purely legal issues of statutory construction *de novo*.[14] With these guiding principles in mind, we turn now to SMS's specific claims of error.

1. SMS first argues that OCGA § 9-15-14 does not apply in garnishment proceedings. We agree.

In *Silverstone I*, this Court expressly declined to address SMS's argument that OCGA § 9-15-14 does not apply in garnishment proceedings, noting that it was "apparently an issue of first impression."[15] In making this determination now, the issue before us is whether a garnishment proceeding constitutes a civil action. Our analysis begins with OCGA § 9-15-14(a), which provides:

> *In any civil action* in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim,

---

[13] *Landry v. Walsh*, 342 Ga. App. 283, 286(2) (801 SE2d 553) (2017). Accord *Portman v. Zipperer*, 368 Ga. App. 208, 209 (889 SE2d 391) (2023).

[14] See *NRD Partners II, L. P. v. Quadre Invs., L. P.*, 364 Ga. App. 739, 741–42(2) (875 SE2d 895) (2022) (reviewing a purely legal issue of statutory construction *de novo*).

[15] *Silverstone I*, 374 Ga. App. at 503(2).

defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.[16]

OCGA § 9-15-14(b) also provides:

The court may assess reasonable and necessary attorney's fees and expenses of litigation *in any civil action* in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.[17]

---

[16] (Emphasis added).

[17] (Emphasis added).

Significantly, the statutory authorization for attorney fees is "in derogation of common law[ ] and, thus, must be strictly construed."[18] And as emphasized above, OCGA § 9-15-14(a) *and* (b) expressly provide that an attorney-fee award is only authorized in a *civil action*. Suffice it to say, we afford the statutory text its plain and ordinary meaning.[19] And here, this matters because a garnishment proceeding is a

---

[18] *Bishop v. Goins*, 305 Ga. 310, 311 (824 SE2d 369) (2019) (citations omitted). See *Kemp v. Kemp*, 337 Ga. App. 627, 633 (788 SE2d 517) (2016) ("[B]ecause any statute that provides for the award of attorney fees is in derogation of common law, it must be strictly construed against the award of such damages." (quotation marks omitted)).

[19] See *Monumedia II, LLC v. Dep't of Transp.*, 343 Ga. App. 49, 52(1) (806 SE2d 215) (2017) (explaining that when the language of a statute is "plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly"); *Holcomb v. Long*, 329 Ga. App. 515, 517(1) (765 SE2d 687) (2014) (explaining that we must afford the statutory text its plain and ordinary meaning).

*special statutory proceeding,*[20] not a civil action.[21] Indeed, in a slightly different context, the Supreme Court of Georgia held that "an arbitration award confirmation proceeding ... is a special statutory proceeding, *not a civil action.*"[22] So, it follows that because garnishment is also a special statutory proceeding, it is not a civil action and

---

[20] See *ARC Sec., Inc. v. Massey Bus. Coll.*, 221 Ga. App. 489, 489–90(1) (471 SE2d 569) (1996) (describing a garnishment action as a special statutory proceeding in derogation of the common law); *S. Env't Grp., Inc. v. Rosebud Landscape Gardeners, Inc.*, 196 Ga. App. 392, 394(1) (395 SE2d 913) (1990) (explaining that garnishment "is a special statutory proceeding, strictly pursued, to allow a creditor to seize a debtor's funds in the possession of a third person"); *Baptist Convention of Ga. v. Henry*, 187 Ga. App. 551, 551 (370 SE2d 813) (1988) ("The issues presented arise from the special statutory nature of the garnishment procedure. Our garnishment statute is in derogation of the common law and, thus, must be strictly construed.").

[21] See *Great W. Bank v. Se. Bank*, 234 Ga. App. 420, 421 (507 SE2d 191) (1998) (noting that "[b]y its terms, OCGA § 9–15–14 only applies to civil actions brought in courts of record in this state").

[22] *Hardin Const. Grp., Inc. v. Fuller Enters., Inc.*, 265 Ga. 770, 771 (462 SE2d 130) (1995) (emphasis added). Accord *Sanvi Bus., LLC v. United Gaming, LLC*, 377 Ga. App. 344, 346(1) (922 SE2d 598) (2025). See *Vlass v. Sec. Pac. Nat. Bank*, 263 Ga. 296, 297 (430 SE2d 732) (1993) (noting that "an application for confirmation is *not* a complaint which initiates a 'civil action' in the superior court," and "[e]ven though an application to confirm a foreclosure sale is a special statutory proceeding, it is not a civil suit in the ordinary meaning of that term ... ." (citation modified)); *DeKalb Cnty. v. Gerard*, 207 Ga. App. 43, 43(1) (427 SE2d 36) (1993) (noting that because the case was "on appeal from an inferior judicatory, brought on a petition for writ of certiorari pursuant to OCGA § 5–4–1, a special statutory appellate proceeding . . . it was criminal, or quasi criminal, [and] was not a 'civil action' within the coverage of OCGA § 9–15–14.").

an attorney-fee award under OCGA § 9-15-14 (a) or (b) is not authorized. That said, this does not mean a party to a garnishment proceeding may never be awarded attorney fees. To the contrary, OCGA § 18-4-19(d)(2) directly addresses garnishment proceedings and provides that "if the court finds ... [t]he plaintiff's traverse lacked *reasonable justification*, the court shall award the *garnishee* a judgment against the plaintiff for its *attorney's fees* incurred in connection with the traverse."[23]

Even so, SMS appears to suggest that garnishment proceedings are both special statutory proceedings *and* civil actions because OCGA § 18-4-71 provides the form required to submit an "affidavit of garnishment," and at the top of the form, there is

---

[23] (Emphasis added). Notably, a party seeking attorney fees under OCGA § 9-15-14 must satisfy a much more stringent standard than one seeking fees in a garnishment proceeding. As detailed above, a party seeking attorney fees in a garnishment proceeding need only show that plaintiff's traverse lacked *reasonable justification*, while under OCGA § 9-15-14(a), a party seeking fees must show that the other party "has asserted a claim, defense, or other position with respect to which there existed such a *complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position*," and under OCGA § 9-15-14(b), a party seeking fees must show that the other party "brought or defended an action, or any part thereof, that lacked *substantial justification* or that the action, or any part thereof, was interposed for *delay or harassment*, or if it finds that an attorney or party *unnecessarily expanded the proceeding by other improper conduct*." (Emphasis added).

a blank space for the affiant to provide a "Civil Action File Number."[24] While this is certainly true, every case in the superior court must be assigned a case number, and we are unpersuaded that merely including the words "civil action" on a standard form contravenes our well-settled precedent that garnishment cases are special statutory proceedings, rather than civil actions.[25]

Simply put, our Supreme Court has held that a proceeding in the superior court can be a civil action or special statutory proceeding, but not both.[26] Garnishment proceedings are special statutory proceedings; and OCGA § 9-15-14(a) and (b)—when strictly construed—only authorize attorney-fee awards in civil actions. The trial court erred, then, in awarding Yaarit attorney fees under OCGA § 9-15-14.

2. Because we hold in Division 1 that the trial court was not permitted to award attorney fees under OCGA § 9-15-14, we need not address SMS's remaining claims of error.

For these reasons, we reverse the trial court's award of attorney fees to Yaarit.

*Judgment reversed. Gobeil and Pipkin, JJ., concur.*

---

[24] See OCGA § 18-4-71.

[25] See supra note 20 & accompanying text.

[26] Id.